12-537-cr
United States v. Gracesqui

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 25th day of February, two thousand thirteen.

Present:    JOHN M. WALKER, JR.,
            ROBERT A. KATZMANN,
                    *Circuit Judges,*
            LORETTA A. PRESKA,
                    *District Judge.*[*]

_____

UNITED STATES OF AMERICA

                    *Appellee*,


                    - v -                                   No. 12-537-cr

JOSE LUIS GRACESQUI, AKA ONEL COLON, AKA
RAMON ORTIZ, AKA LUIS Q. PEREZ,


                    *Defendant-Appellant.*

_____

For Defendant-Appellant:        Yuanchung Lee, Federal Public Defender, New York, N.Y.

---

[*] The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:                    Zachary Feingold and Andrew L. Fish, Assistant United States
                                 Attorneys, *for* Preet Bharara, United States Attorney for the
                                 Southern District of New York, New York, N.Y.


        Appeal from the United States District Court for the Eastern District of New York
(Mauskopf, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Defendant-Appellant Jose Luis Gracesqui appeals from a February 8, 2012, judgment of

conviction imposed by the United States District Court for the Eastern District of New York

(Mauskopf, *J.*), entered following the defendant's plea of guilty, sentencing him principally to

108 months of imprisonment.  We assume the parties' familiarity with the underlying facts and

procedural history of this case.

        We review a district court's sentencing decision for unreasonableness under an abuse-of-

discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Employing that standard, we

"must first ensure that the district court committed no significant procedural error . . . [and] then

consider the substantive reasonableness of the sentence imposed."  *Id.*  Gracesqui contends that

the district court committed three procedural errors and also imposed a substantively

unreasonable sentence.

        First, Gracesqui contends that the district court erred procedurally when it asserted in its

written statement of reasons ("SOR") that among the items recovered by law enforcement that

"evidenc[ed] the dangerousness of defendant's activities" was "seven pounds of marijuana."

SOR at 3.  The parties agree that law enforcement only recovered 1,624 grams (or approximately

2

3.58 pounds) of marijuana. The district court recited the latter amount during the sentencing hearing and used that amount in its offense level computation.

We hold that the district court's incorrect recitation in the SOR does not constitute error because "where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, . . . the oral pronouncement as correctly reported must control." *United States v. Asuncion-Pimental*, 290 F.3d 91, 93 (2d Cir. 2002) (per curiam) (alteration in original) (quoting *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974)). *See United States v. Denny*, 653 F.3d 415, 422 (6th Cir. 2011) ("[O]ur unwillingness to allow certain written statements to obfuscate unambiguous reasoning given by a district court at the oral hearing is related to the fact that the written statement of reasons has a clerical, and not substantive, origin."). Here, the amount of marijuana that the district court identified in its oral pronouncement was correct. Consequently, the district court did not err.

Second, Gracesqui contends that the district court committed procedural error when it asserted in the SOR that Gracesqui had "at least twice[] previously associated himself with activity involving deadly weapons." SOR at 3. The district court cited as evidence for the second incident of weapon-related activity the fact that, at the time of sentencing, Gracesqui was "facing charges for an arrest involving firearms in 1998." *Id.* at 4. It did not cite any evidence of the incident other than the pending charges.

The district court's reasoning was contrary to our precedent. "[A]n indictment is not evidence of guilt . . .; it is only a finding of *probable cause* that a crime has been committed." *United States v. Juwa*, 508 F.3d 694, 700 (2d Cir. 2007) (quoting *United States v. Romano*, 706

3

F.2d 370, 374 (2d Cir. 1983)). At sentencing, "the burden of proof on the government is a preponderance of the evidence," and a finding of probable cause does not meet that burden. *Id.* "We therefore adhere to the prescription that at sentencing, an indictment or a charge within an indictment, standing alone and without independent substantiation, cannot be the basis upon which a criminal punishment is imposed." *Id.* The district court consequently erred when it relied on the pending charges against Gracesqui as one of the bases for Gracesqui's sentence.

Nonetheless, we will not vacate the sentence. The district court made the same error at the sentencing hearing. Because Gracesqui failed to object at sentencing, we review his claim for plain error. *See United States v. Zillgitt*, 286 F.3d 128, 131 (2d Cir. 2002). Gracesqui must demonstrate that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted).

Gracesqui cannot satisfy the fourth prong of plain error review. After sentencing in this matter, Gracesqui pleaded guilty in the New York County Supreme Court to a charge of criminal possession of a weapon in the third degree in violation of New York Penal Law § 265.02. If we were to vacate the sentence and remand this case, the district court would be entitled to take the conviction into consideration when re-sentencing the defendant. The error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings because the sentencing court on remand properly would consider precisely the fact that was prematurely found by the sentencing court below.

4

Third, Gracesqui contends that the district court engaged in unwarranted speculation when it concluded that the items found in his car and apartment demonstrated that his criminal activity was serious and dangerous. We disagree. The district court drew the reasonable inference that Gracesqui's drug business was serious and dangerous from the weapons, ammunition, protective gear, and accessories to evade detection found in Gracesqui's vehicle and home. While a sentencing court must depend on reliable facts, it need not refrain from drawing inferences based on those facts. *See, e.g., United States v. Jones*, 531 F.3d 163, 175 (2d Cir. 2008) (holding that a sentencing court may infer the quantity of drugs involved in an offense from the established facts, such as the amount of cash proceeds); *United States v. Khedr*, 343 F.3d 96, 102 (2d Cir. 2003) ("[A] district court is entitled to rely on circumstantial evidence and on all reasonable inferences that may be drawn from all of the evidence" in order to determine a defendant's intent for the purpose of the obstruction-of-justice enhancement.).

Finally, Gracesqui contends that his sentence was substantively unreasonable because this case involved a relatively small quantity of marijuana, a single firearm, and a defendant who had no criminal history points and who accepted responsibility for the offense by pleading guilty. This argument fails to consider the factors on which the district court relied in upwardly varying Gracesqui's sentence. Gracesqui does not take into account the tools for violence and protection from violence that Gracesqui kept in his car and apartment, the multiple false identities that Gracesqui had adopted, or that Gracesqui's past criminal activity involved at least one gun crime. The district court distinguished Gracesqui's case, and the factors on which the district court based that distinction "can bear the weight assigned to" them. *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc).

We have considered Gracesqui's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**, except insofar as we hereby **REMAND** to the court for amendment of the judgment form as set forth above.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK