13-1412-cr
USA v. Torres

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fourteen.

PRESENT: DENNIS JACOBS,
        PIERRE N. LEVAL,
        ROSEMARY S. POOLER,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    13-1412-cr

JANCARLOS G. TORRES,
        Defendant-Appellant.[1]
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              EDWARD S. ZAS, Of Counsel,
                           Federal Defenders of New York,
                           Inc., New York, New York.

---

[1]   The Clerk of Court is directed to amend the caption as above.

1

**FOR APPELLEE:**  CHRISTOPHER CAFFARONE, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, New York.

Appeal from a sentence of the United States District Court for the Eastern District of New York (Bianco, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jancarlos Torres appeals from a judgment of conviction entered on April 16, 2013, revoking his supervised release and sentencing him to 18 months' imprisonment to be followed by one year of supervised release. He challenges the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review criminal sentences deferentially, for reasonableness only. See Gall v. United States, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." United States v. Johnson, 567 F.3d 40, 51 (2d Cir. 2009). The standard of review for both inquiries is abuse of discretion. United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008).

Procedural Challenge. "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall, 552 U.S. at 51).

2

Torres argues that his 18-month sentence--pronounced orally at sentencing, and memorialized in writing on the district court's docket (Docket Entry 34) and in its Final Judgment--was procedurally unreasonable because the Statement of Reasons issued simultaneously with the written judgment purports to justify a sentence of only 16 months.

"[W]here there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, . . . the oral pronouncement, as correctly reported, must control."  United States v. Asuncion-Pimental, 290 F.3d 91, 93 (2d Cir. 2002) (per curiam) (citation omitted).  Here, the written judgment and the earlier oral pronouncement of sentence agree.  Since "'the written statement of reasons has a clerical, and not substantive, origin[,]'" we are "'unwilling[] to allow [those] written statements to obfuscate unambiguous reasoning given by a district court at the oral hearing[.]'" United States v. Gracesqui, 512 F. App'x 97, 99 (2d Cir. 2013)(quoting United States v. Denny, 653 F.3d 415, 422 (6th Cir. 2011)).

There is no ambiguity in the district court's oral sentence, and that sentence is confirmed by the written judgment and the relevant entry on the district court's docket.  Accordingly, we see no procedural error.

Substantive Challenge.  Finally, Torres challenges his sentence as substantively unreasonable.  "In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" United States v. Mason, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citation omitted).  The standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."  United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

Torres, a citizen of Honduras, was sentenced for violating the terms of his supervised release by again entering the United States unlawfully--this time barely four months after his supervised release began.  The 18-month sentence--within (though at the top of) the Guidelines

range, and 6 months below the statutory maximum--is well within the range of permissible decisions in these circumstances. The district court gave no undue weight to Torres's four prior convictions for drunk driving; rather, it properly considered those dangerous crimes in light of Torres's quick return to the United States in violation of his supervised release and in spite of the district court's prior leniency. Torres's "complete lack of respect for the law" and repeated attempts to enter the country illegally, the district court reasoned, warranted a sentence capable of specific and general deterrence. Tr. of Sentencing at 7, March 27, 2013.

The district court's analysis was consistent with the United States Sentencing Commission policy statement that "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. ch. 7, pt. A, intro. comment 3(b). In that light, we have little difficulty concluding that Torres's sentence is not substantively unreasonable.

For the foregoing reasons, and finding no merit in Torres's other arguments, we hereby AFFIRM the judgment of the district court and REMAND to the district court to correct the clerical error in the Statement of Reasons.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4