*United States v. Odom*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-four.

**PRESENT:**
> **RICHARD C. WESLEY,**
> **ALISON J. NATHAN,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                                                          **23-6105**

**Marcus Odom,**

> *Defendant-Appellant.*

_____

**FOR APPELLEE:**                                   JUSTIN V. RODRIGUEZ, Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**                        JEREMY GUTMAN, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Marcus Odom appeals from a January 26, 2023, judgment of conviction following his guilty plea to a charge of attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951, based on the attempted robbery of a jewelry store during which Odom shot and seriously injured the store owner. Odom had previously pleaded guilty to using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) based on the same underlying conduct;

he was sentenced, on that plea, to a mandatory minimum sentence of 300 months of imprisonment. However, Odom's § 924(c) conviction was vacated after the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery does not qualify as a crime of violence for purposes of § 924(c). The matter was remanded, and Odom subsequently pleaded guilty to attempted Hobbs Act robbery and was sentenced principally to 156 months' imprisonment. On appeal, Odom challenges the procedural and substantive reasonableness of that sentence, contending that the district court erroneously based his sentence, at least in part, on its disagreement with the Supreme Court's reasoning in *Taylor*. For the reasons stated below, we conclude that the record does not support a finding that the sentence imposed was based on such disagreement.

## I. The District Court's Rationale for the Sentence Imposed

At the sentencing hearing, the district court carefully explained its sentencing decision. It calculated and considered the Guidelines range, as well as the sentencing factors set forth in 18 U.S.C. § 3553(a). In particular, the court based its judgment as to an appropriate sentence on "the nature of the crime and

the harms that [Odom] caused to the victim and to his family." App'x at 84. The court heard directly from the victim—the owner of the jewelry store Odom had tried to rob—at the sentencing hearing. The victim explained that Odom had shot him even after he pleaded with Odom to take the jewelry and spare him. The victim suffered near-fatal injuries as a result of the shooting, with lasting physical and psychological trauma, and he was no longer able to work in his profession. The district court also recognized that Odom had received lenience for a prior offense when he had cooperated with the government, and yet after "making a pledge to turn [his] life around and to make amends and to do better," he instead decided to "go back and disregard and violate that pledge." *Id.* at 85.

All of this, in the district court's view, called for "a very serious sentence." *Id.* Nonetheless, while the district court imposed an above-Guidelines sentence, it declined to impose the statutory maximum sentence of 240 months of incarceration—which would still have been lower than the mandatory minimum sentence imposed on the vacated conviction. Instead, taking into account Odom's genuine remorse, his mental health and substance abuse issues at the time of the offense, the harsh conditions of confinement Odom experienced during the

4

COVID-19 pandemic, and Odom's spotless disciplinary record while incarcerated, the court imposed a sentence of 156 months.

In addition to the considerations described above, the court made the following comments, which are at the crux of Odom's arguments on appeal:

> I should add that I agree with the government that I'm not a big fan of the Supreme Court's jurisprudence that led us to be back here, let me put it that way. I follow the law. The law says that the sentence I imposed was illegal or was unlawful because of the categorical approach to evaluating whether something qualifies as a crime of violence. But as I've said before in other proceedings, when the law deviates from common sense as much as I think it has in this area, I think the law needs to be reevaluated. And if you asked anyone on the street whether the crime you committed, whether it was a crime of violence, I don't think anybody would hesitate, I don't think you would hesitate to say, [o]f course it was, because it's hard to imagine a crime more violent than the one you engaged in. That's not the way the Supreme Court teaches that we approach that question. And until it reached the conclusion it reached, given the approach it takes—again, I'm not a fan of that particular approach, and I think it has led to some perverse and odd results, including the one here. That is something that I—I take that seriously because, in some respects, I do think that you've gotten a windfall by virtue of having that sentence overturned and being back here before me.

*Id.* at 85–86.

In its written statement of reasons ("SOR"), which was provided to Odom when his appellate counsel requested it five months after judgment, the district

court again noted these concerns. Where the SOR form directs the district court to explain its "reason(s) for a variance" above the Sentencing Guidelines, the court identified: Odom's extreme conduct; the impact of his crime on the victim; and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to adequately deter criminal conduct, and to protect the public from further crimes of Odom. Under "Other" reasons for the variance, the district court also indicated: "Disagreement with categorical approach that rendered prior conviction and sentence unlawful." SOR at 3.

## II. Standard of Review

Generally, we review a criminal sentence for reasonableness under "a deferential abuse-of-discretion standard. This standard incorporates *de novo* review of questions of law . . . and clear error review of questions of fact." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (per curiam) (citations omitted).

Odom did not challenge the reasonableness of his sentence in the district court. The government argues that plain error review should therefore apply, while Odom argues that we should apply a "relaxed" form of plain error review,

which we have applied in some sentencing appeals. *See United States v. Williams*, 399 F.3d 450, 456–57 (2d Cir. 2005); *United States v. Haverkamp*, 958 F.3d 145, 150 (2d Cir. 2020).

We conclude that, under the circumstances, we should review the reasonableness of Odom's sentence without either form of plain error analysis. Plain error review, "relaxed" or otherwise, applies only when a party has had "an opportunity to object to a ruling or order." Fed. R. Crim. P. 51(b); *see also United States v. Helm*, 58 F.4th 75, 84 (2d Cir. 2023). Here, Odom had no opportunity to raise his present objection to his sentence while the matter was still before the district court.

A court is free to express disagreement with binding law even as it applies it, and a court may reference or discuss an issue without it becoming part of the calculation of the sentence. *Cf. United States v. Kaba*, 480 F.3d 152, 156 (2d Cir. 2007) ("It has long been settled in this Circuit that although reference to national origin and naturalized status is permissible during sentencing, it is allowed only so long as it does not become part of the basis for determining the sentence." (citation and quotation marks omitted)). Thus, the district court's verbal

7

comments at the sentencing hearing, without more, did not constitute error, and Odom had no reason to lodge an objection.

It only became apparent that error might have been committed when Odom's counsel obtained the SOR, which suggested that the district court's "[d]isagreement with [the] categorical approach" might have been an actual basis for the sentence selected. SOR at 3; *see United States v. Odom*, No. 17-cr-32, ECF #81, #89. By that time—five months after judgment—the present appeal was well underway. Because Odom had no available basis for objection when this matter was before the district court, we review *de novo* the legal question of whether the district court considered an impermissible factor in imposing Odom's above-Guidelines sentence. *Cf. United States v. Karro*, 257 F.3d 112, 120 (2d Cir. 2001) (reviewing *de novo* whether "a factor is a permissible basis for departure" under the Guidelines).

### III. Procedural Reasonableness

A court commits procedural error if it fails to calculate or erroneously calculates the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, rests its sentence on a clearly erroneous factual

8

finding, or fails to adequately explain its sentence. *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*). It is also procedural error to base a sentence on an impermissible sentencing factor. *See, e.g.*, *United States v. Park*, 758 F.3d 193, 198–99 (2d Cir. 2014) (per curiam) (vacating sentence of probation based on costs of incarceration).

Odom contends that the district court imposed a harsher sentence because he benefitted from a Supreme Court decision with which the district court disagrees. If the district court had, in fact, increased Odom's sentence based on its disagreement with *Taylor*, we might well find that it had committed procedural error. A policy disagreement with binding law is not an appropriate sentencing factor under § 3553(a), and we have generally been "reluctant . . . to expand relevant sentencing considerations beyond those enumerated in § 3553(a)." *Park*, 758 F.3d at 198.

Viewed in isolation, the SOR does suggest that disagreement with the categorical approach was a basis relied upon by the district court to support an upward variance in Odom's sentence.

9

But we read the SOR in the context of the entire sentencing proceeding. Generally, in reviewing a sentence, our focus is on the district court's *oral* pronouncements. *See, e.g, United States v. Young*, 910 F.3d 665, 670 (2d Cir. 2018). By contrast, an SOR is an administrative document, "designed to assist the Sentencing Commission in collecting and disseminating information concerning sentences actually imposed." *United States v. Smith*, 949 F.3d 60, 65 (2d Cir. 2020) (citation and quotation marks omitted); *see also United States v. Gracesqui*, 512 F. App'x 97, 99 (2d Cir. 2013) (summary order) (observing that "the written statement of reasons has a clerical, and not substantive, origin" (citation and quotation marks omitted)). Even a complete failure to issue a written SOR has "no impact on the substantive rights of the defendant." *Smith*, 949 F.3d at 65. Accordingly, we read the district court's oral pronouncement and the SOR together, with our focus on the oral pronouncement.

Here, the district court was clearly troubled by what it saw as a disconnect between the Supreme Court's discussion in *Taylor* of what constitutes a "crime of violence," and the realities of Odom's crime. The district court applied the holding of *Taylor*, as it was required to do. But the court was also free to express

10

its view that "if you asked anyone on the street whether the crime [Odom] committed . . . was a crime of violence, I don't think anybody would hesitate, . . . to say, [o]f course it was, because it's hard to imagine a crime more violent than the one [he] engaged in." App'x at 85. The sentencing transcript, and the district court's comments in the SOR taken in full context, suggest that the upward variance was based not on the "windfall" benefit to Odom of the Supreme Court's decision in *Taylor*, but rather on the circumstances of the offense. App'x at 86. The district court's focus was on Odom's violent conduct, and its impact on the victim, rather than on its disagreement with the categorical approach.

We therefore conclude, on review of the record as a whole, that the court did not commit procedural error.

## IV.    Substantive Reasonableness

Odom also challenges the substantive reasonableness of his sentence. A sentence is substantively unreasonable only if it "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (citation and quotation marks omitted). We will allow a sentence to stand unless it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing

11

[it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (citation and quotation marks omitted).

Odom repeats his argument regarding procedural error, but makes no additional argument as to why we should find his sentence substantively unreasonable. He received an above-Guidelines sentence, but our deference to sentencing courts does not change when a sentence is above (or below) the Guidelines range. *See United States v. Pope*, 554 F.3d 240, 246 (2d Cir. 2009). The district court reasonably concluded that it would impose "a long sentence because [Odom] deserve[s] a long sentence, because what [he] did and the harms [he] caused are hard to exaggerate." App'x at 88. The court emphasized the lasting harms caused by Odom's offense, observing: "And just as you have harmed [the victim] for the entirety of his life, you should spend a large chunk of your life reflecting on that." *Id*. Further, the court considered the lenience given to Odom when he was sentenced for a prior offense and his return to criminal activity after cooperating with the government. *See id.* at 84–85. In sum, the district court thoroughly and reasonably weighed the sentencing factors, which "can bear the weight assigned to [them]" in this case. *Cavera*, 550 F.3d at 191. Odom fails to

12

demonstrate that his sentence is so shockingly high as to be substantively unreasonable.

*     *     *

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court