**UNITED STATES of America, Appellee,**

v.

**Dominick TRUSCELLO; John Gammarano; Salvatore Lombardi; Barry Nichilo; Gaetano Vastola; Manny Garafolo; Steven Long, Defendants,**

**Steven Crea, Defendant–Appellant.**

**Docket No. 97–1404.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 14, 1998.

Decided Jan. 22, 1999.

Bridget M. Rohde, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney, Eastern District of New York, Brooklyn, NY, Emily Berger, Assistant United States Attorney, Brooklyn, NY, on brief), for Appellee.

Paul A. Victor, New York City (Dublirer, Haydon, Straci & Victor, New York City, Flora Edwards, New York City, of Counsel,

Betty M. Crea, New York City, of Counsel, on brief), for Defendant–Appellant.

Before: KEARSE, Circuit Judge, CASEY* and POLLACK,** District Judges.***

CASEY, District Judge:

## PRELIMINARY

Steven Crea appeals from the district court's denial of his motion to resettle his sentence to delete certain conditions of his supervised release that were listed in a written Judgment and Commitment Order (the "J & C") after his oral sentence was imposed. Crea argues, *inter alia,* that under Federal Rule of Criminal Procedure 43, his oral sentence should control because the J & C contained additional conditions to his supervised release. For the reasons discussed below, we need not reach Crea's remaining arguments because the above issue is dispositive. The J & C's enumeration of the conditions of supervised release did not alter the oral sentence, but merely provided an explanation of what that supervised release entailed. Accordingly, Crea's motion to modify the J & C to conform to his oral sentence was denied.

## BACKGROUND

Defendant-appellant Crea entered into a plea agreement, pleading guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371.[1] On December 8, 1995, he was sentenced before Judge Sterling Johnson, Jr. to nine months imprisonment, which he served, and three years supervised release with the special condition that he pay $22,230 in restitution, and a $50 special assessment. Although Judge Johnson's oral pronouncement of sentence did not articulate the standard conditions of supervised release,

the written J & C included fourteen requirements listed as "standard conditions."[2] Arguing that the J & C's inclusion of the standard conditions was not consistent with his oral sentence, Crea moved before Judge Johnson to correct the J & C to conform to his oral sentence. Crea's motion was denied by Memorandum and Order, dated June 26, 1997. *See United States v. Crea,* 968 F.Supp. 826 (E.D.N.Y.1997).

## DISCUSSION

■ Implicit in the very nature of supervised release is that certain conditions are necessary to effect its purpose. Crea's appeal must be denied simply because there is no conflict between the oral sentence imposed by Judge Johnson and the written J & C reflecting that oral sentence. Federal Rule of Criminal Procedure 43 requires that a defendant be present at the imposition of his sentence. When a J & C conflicts with the oral sentence, Rule 43's requirement that the defendant be present for his sentence is violated. *See United States v. Werber,* 51 F.3d 342, 347 (2d Cir.1995). Accordingly, this Circuit has held that "where there is a *direct conflict* between an unambiguous oral pronouncement of sentence and the written judgment and commitment ... the oral pronouncement ... must control." *United States v. Marquez,* 506 F.2d 620, 622 (2d Cir.1974) (emphasis added) (internal quotation marks omitted); *see also United States v. DeMartino,* 112 F.3d 75, 78–79 (2d Cir. 1997); *Werber,* 51 F.3d at 347; *United States v. Moyles,* 724 F.2d 29, 30 (2d Cir.1983).

■ Crea's reliance on certain of these cases, however, is misplaced, for they involved actual inconsistencies, whereas it is equally well established that it is permissible

---

* Honorable Richard Conway Casey, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

** Honorable Milton Pollack, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

*** Pursuant to 28 U.S.C. § 46(b) and an order of the Chief Judge of this Court certifying a judicial emergency, this case was heard by an emergency panel consisting of one judge from this Court and

two judges from the United States District Court sitting by designation.

1. The plea agreement stated that Crea would be subject to a range of imprisonment of 6 to 12 months, based on a guideline offense level of 10; a term of supervised release to follow imprisonment; a maximum fine of $250,000; restitution of $22,500; and a $50 special assessment.

2. Standard condition # 1, as listed in Crea's J & C, was actually a mandatory condition.

for the written judgment to resolve genuine ambiguities in the oral sentence, *see, e.g., United States v. Pugliese,* 860 F.2d 25, 30 (2d Cir.1988); *Moyles,* 724 F.2d at 30. Thus, on the one hand, we held in *Marquez* that it was impermissible to impose a simple fine orally and then, in the written judgment, to impose instead a committed fine, the consequence of nonpayment of which would be imprisonment. *See* 506 F.2d at 622. And in *DeMartino,* we vacated a written judgment imposing a 63–month term of imprisonment when the court had orally pronounced a 48–month term. *See* 112 F.3d at 80–81; *id.* at 79 (after pronouncing sentence orally, district court not allowed to enter a conflicting written judgment because it "change[d] its mind about the appropriateness of the sentence" (internal quotation marks omitted)).

On the other hand, where there was no real inconsistency but rather an ambiguity, we have upheld the written judgment. For example, where the sentencing court was silent with regard to whether the terms of imprisonment were to be served concurrently or consecutively, the written judgment could permissibly specify either. *See Pugliese,* 860 F.2d at 30. And where the sentencing judge's statement of intent to impose a special assessment was ambiguous, such an assessment could be imposed in the written judgment. *See United States v. Pagan,* 785 F.2d 378, 380 (2d Cir.1986).

In the present case, we think it clear that the difference between the oral pronouncement of sentence and the written judgment did not amount to a conflict, but rather that the latter reflected a clarification of what the oral pronouncement meant by "supervised release." During Crea's plea colloquy, the trial court had made it clear that certain conditions would apply to Crea's term of supervised release, failure to comply with which would result in imprisonment. And at sentencing, the court reiterated that Crea would be required to serve a term of supervised release. The written judgment simply clarified the meaning of that sentence by specifying what the supervision was to entail.

In sum, there is no indication here that the written judgment changed the sentence that was pronounced orally. The oral pronouncement of sentence simply did not specify what the conditions of supervised release were to be; the specification of those conditions in the written judgment did not in any way conflict with the oral pronouncement.

■ Our view is buttressed by the fact that we previously have concluded that, at oral sentencing, even the most general allusion to the "standard conditions" of supervised release is a sufficient basis on which to predicate the imposition of each of the conditions normally regarded as standard. *See United States v. Smith,* 982 F.2d 757, 759, 764 (2d Cir.1992) (where sentencing court referred only to "standard conditions adopted by this court," those conditions were in effect imposed). Thus, explicit reference to each and every standard condition of supervision is not essential to the defendant's right to be present at sentencing.

Further, because the so-called "standard conditions" imposed in this case are "basic administrative requirement[s] essential to the functioning of the supervised release system," *Smith,* 982 F.2d at 764, they are almost uniformly imposed by the district courts and have become boilerplate.[3] For example, among the standard conditions, the defendant is required to: report to the probation officer at that officer's direction, *see* U.S.S.G. § 5D1.3(c)(2); answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, *see* U.S.S.G. § 5D1.3(c)(3); and notify the probation officer at least ten days prior to any

---

**3.** Prior to this appeal, the standard conditions of supervised release were listed in the Sentencing Guidelines under section 5B1.4. In 1997, section 5B1.4 was deleted, and the standard conditions now fall under section 5D1.3. Despite Crea's repeated characterization of the conditions at issue as "discretionary," it is important to note that even after the 1997 amendments to the Sentencing Guidelines were enacted, Section 5D1.3(c) continued to list the conditions at issue as "standard conditions." While we have recognized that "the Sentencing Reform Act eliminated standard conditions, replacing them with mandatory and discretionary conditions," *Smith,* 982 F.2d at 764, the fact that the discretionary conditions are still labeled "standard" within the Guidelines evidences the extent to which they are regularly imposed and relied on by the district courts.

change of residence or employment, *see* U.S.S.G. § 5D1.3(c)(6).

Most of the remaining standard conditions articulated in Crea's J & C are generally so appropriate to effect the purpose of supervised release that any argument by Crea that they constitute additional punishment, or are in conflict with his oral sentence, would be disingenuous. For example, U.S.S.G. § 5D1.3(c)(7)-(8) provides, in pertinent part, that the defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance; and the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered. Thus, many of the standard conditions are so clearly necessary to supervised release, that the term "discretionary" may be a misleading, if technically accurate, modifier for the standard conditions.

Thus, Crea's argument that he would have to guess which of the standard conditions apply without the court's reference to them at oral sentence is unfounded.

## CONCLUSION

Because the oral sentence was not in conflict with the J & C, Crea's additional grounds for appeal are irrelevant. The judgment of the district court is affirmed.