**UNITED STATES of America,**
**Appellee,**

v.

**Robert ASUNCION–PIMENTAL,**
**Defendant–Appellant.**

**Docket No. 01–1345.**

United States Court of Appeals,
Second Circuit.

Submitted: Jan. 11, 2002.

Decided: May 10, 2002.

Yuanchung Lee, Of Counsel, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Appellant.

Alan Vinegrad, United States Attorney, Eastern District of New York (Emily Berger and Catherine W.H. So, Assistant United States Attorneys, Of Counsel, on the brief), Brooklyn, NY, for Appellee.

Before: WALKER, Chief Judge, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

PER CURIAM.

Defendant–Appellant Robert Asuncion–Pimental appeals from a judgment entered on June 25, 2001 in the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*). Upon his guilty plea, Defendant was convicted under 8 U.S.C. § 1326(a) and (b)(2) of attempting to reenter the United States illegally following deportation. He was sentenced to forty-six months of incarceration, three years of supervised release, and a special assessment of $100.

The district court's written judgment included a condition that Defendant not possess a firearm during his supervised release. The primary issue on appeal is whether this condition must be stricken from the written judgment because the court failed to pronounce it orally during sentencing. Because we conclude this condition merely clarified Defendant's sentence without altering it, we affirm.

## I. BACKGROUND

The following facts are taken from the parties' briefs.

Defendant, a native of the Dominican Republic, entered the United States in 1992. He was convicted in 1996 of possessing heroin with intent to distribute, possessing a controlled substance near a school, and unlawfully possessing a firearm. For these crimes Defendant was sentenced to two years and one day of imprisonment. After his release from prison, Defendant was deported on November 4, 1998 to the Dominican Republic.

Defendant attempted to reenter the United States on September 27, 2000, when he arrived in New York City on a flight from the Dominican Republic. Upon learning that Defendant had presented a counterfeit passport, officials from the Immigration and Naturalization Service ar-

rested him, fingerprinted him, and discovered his identity.

Defendant was charged under 8 U.S.C. § 1326(a) and (b)(2) with attempting to reenter the country illegally after having been convicted of an aggravated felony and deported. He pleaded guilty to the one count indictment on November 29, 2000. In open court on May 22, 2001, the district court orally sentenced Defendant to serve forty-six months in prison and a term of supervised release. Tr. at 7 (May 22, 2001). Regarding the latter, the court announced, "I'm going to impose a three-year period of supervision to follow his release, with the direction that the supervision be inactive unless [Defendant] should return to the country or not be deported, both of which seem to me unlikely." *Id.* No mention was made of conditions of release.

In June 2001 the court issued its written Judgment in a Criminal Case, which included eighteen conditions to govern Defendant's supervised release. Seventeen of these conditions are identical or similar to mandatory and standard conditions provided in the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 5D1.3(a) & (c). The remaining condition, that Defendant not "own or possess a firearm or destructive device," tracks the language of a special condition recommended in U.S.S.G. § 5D1.3(d).

Defendant now asks us to remand this case to the district court with an order to strike all of the conditions of supervision from the written judgment on the ground that they are inconsistent with the oral judgment and imposed in violation of his right to be present at sentencing.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291.

## II. DISCUSSION

■ Federal Rule of Criminal Procedure 43(a) provides that a defendant shall be present at the imposition of his sentence. Fed.R.Crim.P. 43(a). In view of this rule we have concluded that "[i]t is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is mere evidence of such authority." *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir.1974) (citations and internal quotation marks omitted). Therefore, "where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, ... the oral pronouncement, as correctly reported, must control." *Id.* (citation and internal quotation marks omitted); *see also United States v. Salameh*, 261 F.3d 271, 276 (2d Cir.2001) (per curiam); *United States v. A–Abras Inc.*, 185 F.3d 26, 29 (2d Cir. 1999); *United States v. DeMartino*, 112 F.3d 75, 78 (2d Cir.1997).

■ In his reply brief, Defendant has conceded that his challenge to the seventeen "standard" and "mandatory" conditions of supervised release listed in the written judgment is foreclosed by this Court's decision in *United States v. Truscello*, 168 F.3d 61 (2d Cir.1999).[1] Reply Br. at 2. In *Truscello* we held that a district court's written judgment, which included a number of standard and mandatory conditions that the court had failed to recite at sentencing, did not directly conflict with the oral pronouncement of sen-

---

1. Although Defendant suggests that *Truscello* was wrongly decided and should be overruled, he makes no argument on this point, acknowledging that a single panel of the Court is generally bound to follow decisions of prior panels. *See, e.g., Kremer v. Chem. Constr. Corp.*, 623 F.2d 786, 788 (2d Cir. 1980).

tence. The district court, we observed, had orally sentenced the defendant to a term of supervised release. *Id.* at 63. Reasoning that "[i]mplicit in the very nature of supervised release is that certain conditions are necessary to effect its purpose," *id.* at 62, we concluded that the written judgment "simply clarified the meaning of that sentence by specifying what the supervision was to entail," *id.* at 63. We explained that the "standard conditions" are "basic administrative requirement[s] essential to the functioning of the supervised release system" and, therefore, are "almost uniformly imposed by the district courts and have become boilerplate." *Id.* (citation and internal quotation marks omitted). These standard conditions "are generally so appropriate to effect the purpose of supervised release that any argument by [a defendant] that they constitute additional punishment, or are in conflict with his oral sentence, would be disingenuous." *Id.* at 64.

■ Defendant asserts that even if the seventeen "mandatory" and "standard" conditions included in the district court's written judgment were not improper under *Truscello,* the remaining condition that he not possess a firearm is neither "mandatory" nor "standard" and therefore must be stricken. To the contrary, we find that the reasoning of *Truscello* extends to this prohibition irrespective of its designation

as a "special" condition in the Sentencing Guidelines.[2]

One of the mandatory conditions of Defendant's supervised release is that he not commit another offense. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(a)(1). As a convicted felon, Defendant is prohibited under 18 U.S.C. § 922(g)(1) from possessing a firearm. In this context, the specific condition that Defendant not possess a firearm is largely only a clarification of the more general mandatory condition that he not break the law.[3] *Cf. United States v. Morey,* 120 F.3d 142, 143 (8th Cir.1997) (per curiam).

The fact that the condition concerning firearm possession is labeled "special" by the Guidelines is irrelevant in this case. While the "standard" conditions provided in § 5D1.3(c) are presumed suitable in all cases, the suitability of the conditions provided in § 5D1.3(d) may be contingent on the presence of specific factors in each case. Where these factors are present, however, these "special" conditions are no different in practical terms from "standard" conditions, that is, they are generally recommended. The Sentencing Guidelines state:

> The following "special" conditions of supervised release are recommended in the circumstances described ... (1) If the instant conviction is for a felony, or if the defendant was previously convict-

---

**2.** Our opinion in *Truscello* may be read to suggest that there can never be a "direct conflict" between a written judgment specifying supervised release conditions and an oral judgment that says nothing about such conditions. *See Truscello,* 168 F.3d at 63 ("The oral pronouncement of sentence simply did not specify what the conditions of supervised release were to be; the specification of those conditions in the written judgment did not in any way conflict with the oral pronouncement."). Because, like the Court in *Truscello,* we find that the challenged condition here is effectively a "standard" one, we need not

decide (and express no opinion on) whether the holding in *Truscello* may extend to a case where the challenged condition may not be so characterized.

**3.** Because § 922(g)(1) only prohibits possession of a firearm "in or affecting commerce," the challenged supervised release condition relating to firearm possession theoretically prohibits some conduct that the mandatory condition prohibiting violation of federal law does not.

ed of a felony or used a firearm or other dangerous weapon in the course of the instant offense—a condition prohibiting the defendant from possessing a firearm or other dangerous weapon.

U.S.S.G. § 5D1.3(d)(1).

The factors identified in § 5D1.3(d)(1) as a prerequisite for imposing the condition that Defendant not possess a firearm are present in this case; Defendant does not dispute that his instant conviction is for a felony or that he was also previously convicted of a felony. In these circumstances, the "special" condition recommended in § 5D1.3(d)(1) is as standard as those conditions recommended in § 5D1.3(c).

## III.  CONCLUSION

For the reasons set forth above, we hold that the district court's written judgment identifying specific mandatory, standard, and special conditions to govern Defendant's supervised release did not directly conflict with the oral sentence pronounced in Defendant's presence but merely clarified it. The judgment of the district court is AFFIRMED.