United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40185

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CARLOS CHAVEZ-GUERRERO

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas, Laredo
No. L-02-1122

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

On October 15, 2002, Defendant Carlos Chavez-Guerrero pleaded guilty to one count of transporting an illegal alien within the United States for private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (2000). The district court sentenced Chavez-Guerrero to eighteen months of imprisonment and three years of supervised release. No conditions of supervised release were mentioned during the oral pronouncement of sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The court's judgment, however, included the following condition for Chavez-Guerrero's supervised release: "The defendant shall not possess a firearm, destructive device, or any other dangerous weapon during the supervised release."  On appeal, Chavez-Guerrero argues that the condition that he not possess "any dangerous weapon" during his supervised release must be stricken from the judgment because it conflicts with the absence of conditions during the oral pronouncement of sentence.[1]

For the reasons outlined in United States v. Torres-Aquilar, No. 03-40055 (5th Cir. filed Dec. 3, 2003), we find that the district court's omission of the dangerous weapon prohibition during the oral pronouncement of sentence did not create a conflict with the sentence set forth in the judgment. Accordingly, the defendant's judgment is AFFIRMED.

---

[1]     Chavez-Guerrero concedes that the judgment's prohibition on his possession of a firearm or destructive device did not conflict with the oral sentence because, under federal law, it is a crime for a convicted felon to possess either type of device.  See United States v. Asuncion-Pimental, 290 F.3d 91, 94-95 (2d Cir. 2002).