**UNITED STATES of America, Appellee,**

v.

**Duane Arthur MYERS, Defendant–Appellant.**

**No. 03–1377.**

United States Court of Appeals, Second Circuit.

Feb. 24, 2004.

Timothy W. Hoover, Federal Public Defender's Office, Buffalo, NY, for Appellant.

Paul J. Campana, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney), Buffalo, NY, for Appellee, of counsel.

Present: JACOBS, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment dated June 9, 2003, be, and it hereby is, VACATED and REMANDED.

Duane Arthur Myers appeals from the June 9, 2003, judgment of the United States District Court for the Western District of New York (William J. Skretny, *Judge*). Myers pleaded guilty to receiving child pornography in interstate commerce by computer in violation of 18 U.S.C. § 2252A(a)(2). The district court sentenced him principally to 78 months' imprisonment, followed by five years' supervised release, two conditions of which are (i) cooperation in the collection of a DNA sample and, (ii) according to the written version of his sentence, no unsupervised contact with any child.

■ Myers contends, and the government agrees, that the offense underlying his conviction does not require that he cooperate in the collection of a DNA sample under the DNA Analysis Backlog Elimination Act of 2000, Pub.L. No. 106–546, 114 Stat. 2726 (codified in scattered sections of 10, 18, 28, and 42 U.S.C.). The Act requires that "[t]he probation office responsible for the supervision under Federal law of an individual on probation, parole, or supervised release shall collect a DNA sample from each ... individual who is, or has been, convicted of a qualifying Federal offense (as determined under subsection (d))." 42 U.S.C. § 14135a(a)(2).

Subsection (d) lists a slew of "qualifying Federal offenses," including "[a]n offense relating ... to sexual exploitation or other abuse of children (as described in chapter 110 of [Title 18], sections 2251 through 2252)." *Id.* § 14135a(d)(1)(B). The Act relatedly requires a district court to "order, as an explicit condition of supervised release, that the defendant cooperate in the collection of a DNA sample from the defendant, if the collection of such a sample is authorized pursuant to [42 U.S.C. § 14135a]." 18 U.S.C. § 3583(d). But the government and Myers agree that because Congress specified 18 U.S.C. § 2251 *through* 18 U.S.C. § 2252 as relevant "qualifying Federal offenses," section 2252A is therefore not a "qualifying Federal offense." They further agree, as do we, that the district court thus erred in imposing as a condition on his supervised release, his cooperation in the collection of a DNA sample.

■ Myers and the government also agree that the imposition of a condition in the written judgment that he have no unsupervised contact with any child conflicts with the oral sentence imposed by the district court, which allowed unsupervised contact with his own son. They also agree, as do we, that the oral sentence controls. *See United States v. Truscello*, 168 F.3d 61, 62 (2d Cir.1999). His sentence should be modified in accordance with the oral sentence, *see United States v. Jacques*, 321 F.3d 255, 263 (2d Cir.2003), to require instead as a condition on his supervised release that (1) he have no unsupervised contact with any child under the age of eighteen, other than his own child, without supervision of a responsible, law-abiding adult aware of his background or conviction; (2) if he has an inadvertent contact with a child under the age of eighteen, it is to be immediately reported to the U.S. Probation Office; (3) the U.S. Probation

Office has the discretion to authorize the defendant to spend time alone with his child; however, authorization must be obtained in advance; and (4) the U.S. Probation Office has the discretion to authorize the defendant to pick up his child from school or other functions; however, authorization must be obtained in advance.

For the foregoing reasons, the judgment of the district court is hereby VACATED to the district court to the extent it requires Myers to cooperate in the collection of a DNA sample and conflicts with the district court's oral pronouncement of sentence, and REMANDED to the district court for resentencing in accordance with this summary order.