SUMMARY ORDER
Defendant Rigoberto Espinal appeals from a July 11, 2007 judgment entered by the District Court, convicting him of possession with intent to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. § 841(b)(l)(B)(ii), and re-sentencing him principally to 96 months’ imprisonment.[1] An appeal of the July 11, 2007 judgment ensued. On June 18, 2008, a motions panel of this Court entered an order requesting additional briefing on two subjects. First, it noted that the District Court’s oral pronouncement of defendant’s sentence conflicted with the written judgment, in that the District Court in open court had applied a lower sentencing range than in the written sentencing form. Specifically, the District Court indicated at the re-sentencing hearing of July 11, 2007 that it determined that defendant’s Guidelines range was 120 to 151 months’ imprisonment. This conclusion was apparently based on a total offense level of 32.[2] The written judgment, however, states that defendant’s offense level was 34, with a corresponding Guidelines range of 151 to 188 months. As a result, the panel ordered counsel to brief whether the inconsistency between the hearing and the written judgment was grounds for a remand to the District Court with instructions to amend the written judgment. The panel also ordered additional briefing on whether the District Court had sufficiently considered the factors listed in 18 U.S.C. § 3553(a). On appeal, defendant argues that the matter should be remanded to the District *520 Court in order to “provide a fuller statement of reasons for the sentence, and in order to amend the written judgment so that it conforms with the oral pronouncement of sentence.” Appellant Br. at 1. We assume the parties’ familiarity with the remaining factual and procedural history of the case.
Upon a review of the record and the arguments of counsel, we are satisfied that the District Court considered the 18 U.S.C. § 3553(a) factors and that defendant’s sentence was in no way procedurally unreasonable. As to the inconsistencies between the District Court’s oral pronouncement at the hearing and the written judgment, the government states that it does not object to defendant’s request to remand the case “for the ministerial purpose of amending the written judgment to reflect the actual Guideline range that the district court employed.” Appellee Br. at 17.
We conclude that the written judgment should be amended, cf. United States v. Truscello, 168 F.3d 61, 62 (2d Cir.1999) (“[wjhere there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitmenty the oral pronouncement must control.” (internal alteration and quotation marks omitted)), and accordingly REMAND the case for the sole purpose of amending the judgment to reflect the correct Guidelines range.

. On October 4, 2005, another panel of this Court entered an order remanding defendant's case with instructions to vacate his original sentence and to re-sentence defendant in conformity with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

. We note that the actual Guidelines range for offense level 32, with defendant’s criminal history category (category I), is 121 to 151 months.