15-2752-cr
United States v. Skvarla

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                      No. 15-2752-cr

NICHOLAS M. SKVARLA,
*Defendant-Appellant.*

------------------------------------------------------------------------------------

FOR APPELLEE:                    JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:    ARZA FELDMAN, Feldman and Feldman, Uniondale, NY.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Nicholas Skvarla appeals from an August 6, 2015 judgment of conviction in the United States District Court for the Western District of New York (Arcara, J.). Following a bench trial, Skvarla was convicted of three counts of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (2006), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2006). Skvarla argues primarily that (1) a thirty-month delay between the conclusion of the bench trial and the verdict violated the Speedy Trial Clause of the Sixth Amendment, and (2) the evidence was insufficient to prove that the pornography in Skvarla's possession moved in interstate commerce. Skvarla also raises several sentencing challenges. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. <u>Speedy Trial Clause</u>

Skvarla argues that the thirty-month delay between the conclusion of the bench

trial and the rendering of the verdict violated the Speedy Trial Clause of the Sixth Amendment. We disagree.

In determining whether a defendant's constitutional right to a speedy trial has been violated, we consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) any prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972); United States v. Moreno, 789 F.3d 72, 78 (2d Cir. 2015). Although the Speedy Trial Clause proscribes undue delay prior to conviction, see Betterman v. Montana, 136 S. Ct. 1609, 1613 (2016), we conclude that Skvarla failed to demonstrate a violation of the Speedy Trial Clause under the circumstances of this case.

Throughout the period of delay from trial to verdict, Skvarla never invoked the Sixth Amendment or otherwise objected to the delay. In the context of pretrial delay, the Supreme Court has stated that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Barker, 407 U.S. at 532. Far from asserting his right, Skvarla did not even join the Government's motion for a verdict, filed twenty-three months after the close of evidence at trial. Instead, Skvarla's counsel appeared to encourage the District Court's delay. At a status conference, defense counsel chastised the Government for "put[ting] maximum

3

pressure on the Court" with, inter alia, its motion, and noted that Skvarla "is doing

very well." App'x at 101. When the District Court stated that the verdict was

forthcoming, defense counsel replied, "don't rush." App'x at 101. Although defense

counsel stated that he was "confident with respect to the acquittals," App'x at 102,

when the District Court finally scheduled a date to announce the verdict, Skvarla

sought (and was granted) a thirty-day adjournment. This conduct shows that Skvarla

"did not want a speedy [verdict]." United States v. Lane, 561 F.2d 1075, 1079 (2d Cir.

1977) (quotation marks omitted); see also United States v. Vasquez, 918 F.2d 329, 338

(2d Cir. 1990).

Moreover, "[t]he fact that [Skvarla] did not assert [his] right" to a speedy verdict

"during the period of the delay is strong evidence that [his] general claims of prejudice

are not substantial." United States v. Lasker, 481 F.2d 229, 237 (2d Cir. 1973). In any

event, pending the verdict, Skvarla was not incarcerated, required to participate in any

treatment programs, or restricted from travelling outside the Western District of New

York when he requested to do so.[1] After consideration of the Barker factors, we agree

---

[1] To be sure, Skvarla faced some degree of prejudice as a result of the pre-verdict delay. For example, Skvarla lost his job, was subjected to the derision of his community, was faced with the stress and anxiety of an unresolved trial, and was required to comply with several conditions of pretrial release, such as electronic monitoring and a nightly curfew. See Barker, 407 U.S. at 533 (asserting that "even if an accused is not incarcerated [during the delay], he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility"). Indeed, the District Court found that this prejudice "was substantial." App'x at 158. Nonetheless, the District Court ultimately concluded that the prejudice was "not sufficiently oppressive" to

4

with the District Court that Skvarla's Sixth Amendment Speedy Trial rights were not violated.

2. Interstate Commerce

Skvarla next claims that the Government failed to satisfy the "transported in interstate . . . commerce" element of the pre-October 2008 version of 18 U.S.C. § 2252A(a)(2)(A) and (a)(5)(B), under which Skvarla was charged. He argues that the stipulated fact that he downloaded child pornography from the internet was insufficient to establish movement in interstate commerce. But this argument is foreclosed by our decision in United States v. Rowe, in which we noted that the defendant's "act of publishing an internet advertisement to trade child pornography can readily be described as an 'offense involving . . . transportation in interstate . . . commerce.' 18 U.S.C. § 3237(a)." 414 F.3d 271, 279 (2d Cir. 2005); see also United States v. MacEwan, 445 F.3d 237, 244 (3d Cir. 2006) ("[B]ecause of the very interstate nature of the Internet, once a user submits a connection request to a website server or an image is transmitted from the website server back to user, the data ha[ve] traveled in interstate commerce.").

---

constitute a Speedy Trial Clause violation, App'x at 159, and we agree with that conclusion.

### 3. Sentencing

Skvarla also challenges his sentence as substantively unreasonable.  Here, the District Court imposed a non-Guidelines sentence, based in part on Skvarla's status as a first-time offender and on the length of the pre-verdict delay.  The District Court also took into account Skvarla's rehabilitation, remorse, and compliance with the requirements of his pretrial supervision.  In light of this careful and reasoned analysis, we conclude that Skvarla's sentence is substantively reasonable.

Skvarla next contends that various standards and special conditions of supervised release were improperly imposed because they were not sufficiently tailored to his offense.  As to the challenged standard conditions, Skvarla's argument is foreclosed by our decision in United States v. Truscello, in which we explained that standard conditions "are almost uniformly imposed by the district courts and have become boilerplate."  158 F.3d 61, 63 (2d Cir. 1999); see also United States v. Asuncion-Pimental, 290 F.3d 91, 94 (2d Cir. 2002) (confirming that standard conditions are "presumed suitable in all cases").

As to the challenged special condition, which imposes certain financial disclosure obligations on Skvarla, we conclude that Skvarla's argument fails under plain error review.  See United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002)

6

(asserting that plain error review generally applies to "unobjected to errors occurring at sentencing"). Unlike standard conditions, special conditions must be declared "in open court and with appropriate precision." United States v. Thomas, 299 F.3d 150, 156 (2d Cir. 2002). Here, the District Court failed to impose the financial disclosure condition "with appropriate precision." However, because the condition applies only where restitution is owed, and because the District Court did not order restitution, the condition can have no effect on Skvarla's substantial rights. We therefore decline to correct the District Court's error. See United States v. Thomas, 274 F.3d 655, 667 (2d Cir. 2001).

We have considered all of Skvarla's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court