# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2020

Lyle W. Cayce
Clerk

No. 19-40496
Summary Calendar

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

LUIS MANUEL MAGALLON-CONTRERAS,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-735-1

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

    Luis Manuel Magallon-Contreras ("Magallon-Contreras") pled guilty to two counts of transporting an undocumented alien, was sentenced to 12 months and one day, and is set to be released from prison on April 26, 2020. In this expedited appeal he challenges two of the three special conditions that were included in his presentencing report ("PSR") but, not orally pronounced at sentencing. For the foregoing reasons, we VACATE the conditions at issue

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40496

and REMAND the written judgment for conformity with the oral pronouncement.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Magallon-Contreras is Mexican by birth, has been living in the United States since 1976, and became a lawful, permanent resident in 1986. He has been married to his wife, Hermila, for the past 37 years with whom he shares three adult children. Prior to this incident, Magallon-Contreras worked as a dairy farmer in Escalon, California and led a crime-free life.

Magallon-Contreras was arrested on June 28, 2018. On February 21, 2019, he pled guilty before a magistrate judge, without a plea agreement, to two counts of transporting an undocumented alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(ii). He signed a stipulation of facts wherein he admitted to transporting an undocumented alien into the United States. On March 8, 2019, the district court adopted the magistrate judge's recommendation that Magallon-Contreras be found guilty on those charges.

Magallon-Contreras's PSR calculated his total offense level at a 13 and included various mandatory, standard, and special conditions of supervised release in its appendix. They are as follows:

> You must immediately report to U.S. Immigration and Customs Enforcement [ICE] and follow all their instructions and reporting requirements until any deportation proceedings are completed. If you are ordered deported from the United States, you must remain outside the United States unless legally authorized to reenter. If you reenter the United States, you must report to the nearest probation office within 72 hours after you return.

At sentencing, the district court asked Magallon-Contreras's counsel whether he reviewed the PSR with the appellant and if there were any objections to the PSR. Counsel indicated that neither he nor Magallon-Contreras had any objections to the PSR. After further discussion, the district court ultimately

No. 19-40496

sentenced Magallon-Contreras to 12 months and one day in prison. The district court went on to say:

> I order thereafter a term of supervised release of three years, during which you're required, if you are in the United States to be supervised, you would be required to comply with certain standard, mandatory, and special conditions that include that you're not to violate the law, state, federal, or local. And if deported, that you are not to illegally re-enter the United States. Should you do either one of those two things, that is commit a crime during this three-year period, or if deported, you are found here in the United States illegally, you could be brought back here in connection with this case and sentenced by being sent to prison.

The written judgment included the three special conditions of supervised release, as they were presented in the appendix to the PSR. Magallon-Contreras timely appealed his sentence to this court challenging the condition requiring him to self-report to ICE ("the surrender condition") and the condition requiring him to self-report to the nearest probation office within 72 hours of his return to the United States if he is ultimately deported ("the reporting condition") because they were not orally pronounced at sentencing.

## II.    DISCUSSION

We first turn to our controlling precedent in *United States v. Rivas-Estrada*: "When a defendant had no opportunity to object to special conditions (because they were unmentioned at sentencing), we review for abuse of discretion, and any 'unpronounced' special conditions must, upon remand, be stricken from the written judgment." 906 F.3d 346, 348 (5th Cir. 2018). There is no question that the special conditions at issue here were not orally pronounced at sentencing. So, we review the district court's oral pronouncement and written judgment for an abuse of discretion.

We have long held that the oral pronouncement requirement stems from a defendant's constitutional right to be present at sentencing. *See Rivas-Estrada*, 906 F.3d at 349–50. Where there is a conflict between the oral

No. 19-40496

pronouncement and the written judgment, the oral pronouncement controls. *Id.* at 350. In determining whether there is a conflict, this court considers whether the written sentence is more burdensome than the orally pronounced sentence. *United States v. Bigelow*, 462 F.3d 378, 383–84 (5th Cir. 2006). We look to the intent of the sentencing court, as evidenced in the record, to resolve an ambiguity between the oral pronouncement and the written judgment. *United States v. Vasquez-Puente*, 922 F.3d 700, 703–05 (5th Cir. 2019). But we must first determine whether the conditions at issue are true special conditions that require oral pronouncement.

Sometimes a condition labeled "special" is actually a standard condition. *See United States v. Rouland*, 726 F.3d 728, 735 (5th Cir. 2013) ("[S]pecial conditions may be tantamount to standard conditions under the appropriate circumstances, thereby precluding the need for an oral pronouncement."). Aside from being potentially "appropriate" in any case, the special conditions in U.S.S.G. § 5D1.3(d) are "recommended" in certain circumstances. A recommended condition is essentially a standard condition and thus need not be orally pronounced. *See United States Torres-Aguilar*, 352 F.3d 934, 937–38 (5th Cir. 2003). That the Guidelines would still call that condition special is "irrelevant." *Id.* at 937 (quoting *United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002)). Simply stated, "[i]f the district court orally imposes a sentence of supervised release without stating the conditions applicable to this period of supervision, the [written] judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement."

In prior decisions we have handled the surrender condition in varying ways. For example, in *Vasquez-Puente* we held that there was ambiguity rather than a conflict between the oral pronouncement and the written judgment when the surrender condition appeared in the written judgment but was not

orally pronounced at sentencing. *See Vasquez-Puente*, 922 F.3d at 704–05. This required us to look at the district court's intent—there, we held that there was no conflict between the oral pronouncement and the written judgment because the district court's imposition of the surrender condition was "consistent with [its] intent that Vasquez-Puente be deported after serving his prison term." *Id.* at 705. There, unlike here, it was clear that Vasquez-Puente had been deported before and thus could not be legally present in the United States. *Id.*

Additionally, we have also held in a prior, unpublished decision, that the surrender condition is a special condition that requires oral pronouncement. *See United States v. Alvarez*, 761 F. App'x 363, 365–65 (5th Cir. 2019). Unlike in *Vasquez-Puente*, we cannot discern the district court's intent with respect to the future of Magallon-Contreras's residency status in the United States (*i.e.*, whether he will be deported). The district court stated at sentencing that "there's so much uncertainty about what [Magallon-Contreras's] situation is." It also repeatedly acknowledged that the issue of deportation would not be handled until after Magallon-Contreras completed his current prison term. For these reasons, we conclude that the surrender condition here is a special condition that should have been orally pronounced at sentencing. *See Alvarez*, 761 F. App'x at 365–65.

The federal sentencing guidelines provide as a standard condition the requirement that a defendant report to his probation officer within 72 hours of being released from prison. *See* U.S.S.G. § 5D1.3(c)(1). Here, the condition requiring Magallon-Contreras to report to the nearest probation office within 72 hours of returning to the United States (if he is deported) closely mirrors that standard condition. We have acknowledged this type of reporting condition is a special condition that requires oral pronouncement. *See Alvarez*,

No. 19-40496

761 F. App'x at 365–65.[1] Moreover, we do not view the reporting condition here as akin to the Guidelines' post-release reporting condition. First, the reporting condition does not distinguish between lawful and unlawful re-entry. Secondly, reporting to the nearest probation office within 72 hours of lawful re-entry into the United States is more burdensome than necessary—especially if Magallon-Contreras is legally permitted into the United States after being deported. Accordingly, the reporting condition here is a true special condition that requires oral pronouncement.[2]

## III.    CONCLUSION

For the aforementioned reasons, we VACATE the surrender and reporting conditions imposed by the district court because they were not orally pronounced at sentencing. We REMAND with instructions that the written judgment be reformed in conformity with the oral pronouncement.

---

[1] Though *Alvarez* is unpublished, we consider it persuasive authority here.

[2] Although the government asks that we hold this case pending the issuance of our en banc opinion in No. 18-40521, *United States v. Diggles*, we decline to do so because in this case the district court did not orally adopt the PSR's recommended conditions as the sentencing court did in *Diggles*.