21-1994-cr
United States v. Myers

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand twenty-two.

PRESENT: DENNIS JACOBS,
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                            No. 21-1994-cr

NATHANIEL MYERS,

*Defendant-Appellant*.

-----------------------------------------------------------------

FOR DEFENDANT-APPELLANT:              LAWRENCE MARK STERN, New York, NY

FOR APPELLEE: KATHERINE A. GREGORY, Assistant United States Attorney (Monica J. Richards, Assistant United States Attorney, *on the brief*), *for* Trini E. Ross, United States Attorney, Western District of New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

Nathaniel Myers appeals from a July 30, 2021 judgment of the United States District Court for the Western District of New York (Geraci, J.) sentencing him principally to 240 months' imprisonment and five years of supervised release for his participation in a narcotics conspiracy in violation of 21 U.S.C. § 846.[1] We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain

---

[1] Myers originally challenged other aspects of his sentence but later withdrew and waived all of his arguments except for his challenge to the conditions of supervised release.

our decision.

While "[d]istrict courts have broad discretion in setting conditions of supervised release[,] . . . this discretion is not boundless, and we are required to carefully scrutinize unusual or severe conditions." United States v. Carlineo, 998 F.3d 533, 536 (2d Cir. 2021). Here, the challenged conditions were neither unusual nor severe. Moreover, we review for plain error because Myers did not object at sentencing, notwithstanding that the conditions were either standard or proposed in the Presentence Investigation Report. See United States v. Matta, 777 F.3d 116, 121 (2d Cir. 2015).

I.   Special Condition of Supervised Release

Special conditions of supervised release must be "reasonably related" to the sentencing considerations specified in U.S.S.G. § 5D1.3(b). Carlineo, 998 F.3d at 536. "[A] special condition may not involve a greater deprivation of liberty than is reasonably necessary for the sentencing purposes set forth in 18 U.S.C. § 3553(a)." Id. (quotation marks omitted). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error." United States v. Betts, 886 F.3d 198,

202 (2d Cir. 2018). "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." Id. (quotation marks omitted).

a. Alcohol Abuse

Myers first challenges the District Court's imposition of the special condition requiring that he abstain from alcohol if substance abuse is indicated by an evaluation and testing and if he requires treatment. As relevant here, the District Court ordered that Myers "shall participate in a program for substance abuse, including substance abuse testing . . . and shall undergo a drug/alcohol evaluation and treatment if substance abuse is indicated by testing" and "[w]hile in treatment and after discharge from treatment . . . abstain from the use of alcohol." App'x 93. Myers argues that the District Court failed to state on the record its reason for imposing the special condition and that, in any event, the District Court was "not presented with any evidence suggesting that [he] ever seriously abused alcohol," or any evidence that Myers's "underlying crime . . . involved the use of alcohol." Betts, 886 F.3d at 202-03. It is true that we have vacated special conditions related to alcohol abuse where neither the defendant's history nor the conduct contributing to the criminal activity suggested that the

4

defendant abused alcohol. See, e.g., id. (vacating a special condition prohibiting alcohol use where defendant had no history of alcohol abuse). But here the prohibition against alcohol use is itself conditional: it may be triggered by an evaluation of Myers that indicates substance abuse and requires treatment. Until Myers is actually evaluated for substance abuse, we can only speculate whether he will require treatment and be prohibited from using alcohol. The issue is therefore not ripe for review. See United States v. Birkedahl, 973 F.3d 49, 55-57 (2d Cir. 2020); United States v. Johnson, 446 F.3d 272, 278-79 (2d Cir. 2006). If, during the term of his supervised release, Myers is deemed to require substance abuse treatment, he may seek modification of the special condition prohibiting alcohol use at that time, through a proceeding under 18 U.S.C. § 3583(e)(2).

### b. Cost Contribution

Next, Myers challenges the requirement that he "contribute" to the cost of substance abuse services. App'x 93. Where, as here, the special condition is silent on the issue of how the "contribution" will be calculated, we have construed the requirement as "contingent upon a finding that [the defendant] is able to pay such a contribution." United States v. Rasheed, 981 F.3d 187, 198-99

(2d Cir. 2020). As with the special condition prohibiting alcohol use, however, at this juncture it is unclear what the costs of the services will be and whether Myers will be able to afford those costs upon his release from prison. The issue is therefore not ripe for review. See Birkedahl, 973 F.3d at 55-57. Should Myers prove unable to afford any such costs imposed upon his release, he may seek modification of the condition through a § 3583(e)(2) proceeding.

### c. Delegation to the Probation Office

Myers also argues that the District Court improperly delegated to the Probation Office "the selection of a treatment provider and schedule," App'x 93, especially because the District Court did not explicitly limit the ability of "a psychiatrist authorized by the Prohibition Office" to prescribe medication in connection with his drug treatment, Appellant's Brief 17. We disagree. In imposing a condition of treatment, a district court may "leave[] a variety of details, including the selection of a . . . provider and schedule[,] to the probation officer" without improperly delegating judicial authority. United States v. Peterson, 248 F.3d 79, 85 (2d Cir. 2001); see Birkedahl, 973 F.3d at 54. Here, more importantly, the District Court clearly specified that "[i]f in-patient treatment is recommended . . . it must be approved by the Court unless the

6

defendant consents." App'x 93; see Matta, 777 F.3d at 123. Finally, to the extent Myers challenges the authority of a future treatment provider to prescribe him medication, that challenge is not ripe for review. See United States v. Traficante, 966 F.3d 99, 106-07 (2d Cir. 2020); Johnson, 446 F.3d at 278-79.

II. Standard Condition of Supervision

During the oral pronouncement of sentence, the District Court also prohibited Myers "from possessing firearms, ammunition or dangerous devices." App'x 85 (emphasis added). Myers challenges the condition that he not possess dangerous devices, as impermissibly vague, overbroad and unreasonable. "When . . . there is genuine doubt concerning the oral pronouncement of sentence," a judgment and "commitment order may properly serve the function of resolving ambiguities in the orally pronounced sentence[ ]." United States v. Pugliese, 860 F.2d 25, 30 (2d Cir. 1988) (quotation marks omitted); see United States v. Jacques, 321 F.3d 255, 265 (2d Cir. 2003) ("[I]t is not reversible error for a sentencing court to impose . . . conditions without mentioning them orally at sentencing where the challenged conditions clarify, rather than conflict with, the sentence imposed orally."). Here, the written judgment and commitment order clarified that Myers "must not own, possess, or have access to a firearm,

ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)." App'x 92. Thus, even if we agreed with Myers that the term "dangerous devices" as used during the oral pronouncement of sentence was ambiguous, the written judgment and commitment order adequately clarified the ambiguity. We also reject Myers's suggestion that the firearms ban was improper because his offense did not involve the use of a weapon. Because the ban is a standard condition of supervision, see U.S.S.G. § 5D1.3(c)(10), it is "presumed suitable in all cases," United States v. Asuncion-Pimental, 290 F.3d 91, 94 (2d Cir. 2002), including cases in which the underlying crime does not include the use of firearms. And in contrast to a special condition, the District Court was not required to explain its reasoning when imposing this standard condition. United States v. Truscello, 168 F.3d 61, 63-64 (2d Cir. 1999).

For the foregoing reasons, we DISMISS Myers's challenges to the special condition prohibiting alcohol use and requiring that he contribute to the costs of substantive abuse services, and otherwise AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court