23-6710-cr
*United States v. Genao*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-four.

Present:

> REENA RAGGI,
> WILLIAM J. NARDINI,
> *Circuit Judges*,
> NATASHA C. MERLE,
> *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 23-6710-cr

CHRISTIAN GENAO,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | REBECCA M. URQUIOLA (Breon Peace, *on the brief*), United States Attorney's Office, Eastern District of New York, Brooklyn, NY |
| For Defendant-Appellant: | ALLEGRA GLASHAUSSER, Federal Defenders of New York, Brooklyn, NY |

---

[*] Judge Natasha C. Merle, of the United States District Court for the Eastern District of New York, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Christian Genao appeals from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *District Judge*), entered on June 15, 2023, and amended on June 30, 2023, sentencing him to a year and a day of imprisonment and two years of supervised release following his guilty plea to one count of importation of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(B). In its written judgment, the district court prohibited Genao from consuming alcohol while on supervised release. Genao now challenges that condition, contending that the district court improperly omitted it from the oral pronouncement of his sentence and that the condition is not "reasonably related" to his sentencing factors. We assume the parties' familiarity with the case.

"This Court generally reviews the imposition of supervised release conditions for abuse of discretion." *United States v. Oliveras*, 96 F.4th 298, 304 (2d Cir. 2024).[1] "Whether the spoken and written terms of a defendant's sentence differ impermissibly presents a question of law that we review *de novo*." *United States v. Rosado*, 109 F.4th 120, 123–24 (2d Cir. 2024).

Federal Rule of Criminal Procedure 43(a)(3) requires that a defendant be present at sentencing. In view of this rule, we have held that "it is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is mere evidence of such authority." *United States v. Asuncion-Pimental*,

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

290 F.3d 91, 93 (2d Cir. 2002). "[I]n the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls, and any burdensome punishments or restrictions added in the written judgment must be removed." *Rosado*, 109 F.4th at 124.

Nevertheless, "we have not rigidly disregarded all conditions of supervised release later included in a judgment but omitted from the oral pronouncement of sentence." *United States v. Handakas*, 329 F.3d 115, 117 (2d Cir. 2003). For example, "explicit reference to each and every standard condition of supervision" set forth in § 5D1.3(c) of the United States Sentencing Guidelines ("Guidelines") "is not essential to the defendant's right to be present at sentencing." *United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999). Rather, "even the most general allusion to the 'standard conditions' of supervised release" during the oral imposition of sentence "is a sufficient basis on which to predicate the imposition of each of the conditions normally regarded as standard." *Id.* Under certain circumstances, this principle applies to the "special" conditions in § 5D1.3(d) of the Guidelines as well.

"While the 'standard' conditions provided in § 5D1.3(c) are presumed suitable in all cases, the suitability of the conditions provided in § 5D1.3(d) may be contingent on the presence of specific factors in each case." *Asuncion-Pimental*, 290 F.3d at 94. "Where these factors are present, however, these 'special' conditions are no different in practical terms from 'standard' conditions, that is, they are generally recommended." *Id.* In such circumstances, the district court's "failure to articulate [the recommended special conditions] orally is irrelevant." *United States v. Thomas*, 299 F.3d 150, 154 (2d Cir. 2002). As pertinent here, § 5D1.3(d)(4) recommends the following "special" conditions "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol":

> (A) a condition requiring the defendant to participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol; and (B) a condition specifying that the defendant shall not use or possess alcohol.

Thus, the alcohol prohibition in § 5D1.3(d)(4)(B) is "generally recommended" as a condition of supervised release when the district court has reason to believe the defendant abuses drugs or alcohol. *See Asuncion-Pimental*, 290 F.3d at 94.

Based on facts Genao introduced into the record, the district court had reason to believe all three factors were present: that he abused narcotics, other controlled substances, and alcohol. First, Genao's sentencing memorandum stated that, at some point, "[h]is family realized that he was becoming reliant on alcohol and drugs." Defendant's Sent'g Mem. at 4, *United States v. Genao*, No. 21-CR-579-ARR-1 (E.D.N.Y. Dec. 22, 2022), ECF No. 25. In support of this statement, Genao submitted a letter from his aunt that mentioned his dependence on both alcohol and drugs. *Id.* at 13. Then, at sentencing, defense counsel acknowledged on the record that Genao "has struggles with . . . drug abuse," App'x at 34, had been testing positive for marijuana, and tested positive for cocaine at the time of his arrest, *id.* at 37–38. Under these circumstances, the Guidelines generally recommend that the district court prohibit the defendant from using or possessing alcohol as a condition of supervised release. It is therefore "irrelevant" that the Guidelines label the condition "special"; in this case, the condition is "no different in practical terms" from the standard conditions in § 5D1.3(c), which the district court need not orally pronounce. *Asuncion-Pimental*, 290 F.3d at 94.

Genao contends that § 5D1.3(d)(4) is more logically read to recommend the alcohol prohibition condition only when the defendant is receiving alcohol treatment, not when he is receiving drug treatment. But this argument has no basis in the text of the Guidelines. Section

5D1.3(d)(4) plainly recommends that the conditions in both subsections (A) and (B) be imposed "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." In recommending the alcohol prohibition in subsection (B), the Guidelines draw no distinction between defendants receiving drug treatment and those receiving alcohol treatment. Thus, the fact that the district court required Genao to participate in an outpatient drug treatment program without specifically mentioning alcohol treatment makes no difference.

Because the Guidelines generally recommended that the district court prohibit Genao from using or possessing alcohol while on supervised release, it was permissible for the district court to impose the alcohol prohibition as a condition in its written judgment without pronouncing it orally at sentencing. Accordingly, we need not reach Genao's argument that the district court did not have authority to pronounce the condition orally at a later hearing, which followed the entry of the written judgment in this case. Nor must we reach Genao's argument, based on § 5D1.3(b), that the condition is not reasonably related to the sentencing factors applicable to his case. Section 5D1.3(b) provides that the district court may impose certain "discretionary" conditions if, among other things, the conditions are "reasonably related" to the defendant's "history and characteristics." That section does not apply here, given that the Guidelines recommend the alcohol prohibition as a "special" condition under § 5D1.3(d).

\*　　　\*　　　\*

We have considered Genao's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5