# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13769

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HUGO ESPINOSA CHAVEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00322-SDM-SPF-1

_____

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Hugo Espinosa Chavez pled guilty to three offenses: production of child pornography, possession of child pornography, and travel with intent to engage in illicit sexual conduct. *See* 18 U.S.C. §§ 2251(a) & (e), 2252(a)(4)(B), & 2423(b). The district court sentenced him to 262 months' imprisonment and 10 years' supervised release.

On appeal, Mr. Espinosa Chavez contends that the district court erred by including in its judgment 13 standard conditions of supervised release that were purportedly not orally pronounced at the sentencing hearing. He also asserts that the district court did not have sufficient basis to impose those 13 conditions. We affirm.

Mr. Espinosa Chavez's first argument is foreclosed by our recent decision in *United States v. Hayden*, 119 F.4th 832, 837-39 (11th Cir. 2024). In *Hayden* we rejected a virtually identical claim in a case arising out of the Middle District of Florida.

As for the second argument, the 13 standard conditions match those set out in U.S.S.G. § 5D1.3(c). Of the 13 conditions, the only one Mr. Espinosa Chavez specifically challenges in his brief is the prohibition on owning, possessing, or having access to a firearm, ammunition, destructive device, or dangerous weapon. *See* Appellant's Br. at 13. That prohibition, set out in § 5D1.3(c)(10), is a standard condition that is "presumed suitable in all cases." *See United States v. Asuncion v. Pimental*, 290 F.3d 91, 94 (2nd Cir. 2002); *United States v. Torres-Aguilar*, 352 F.3d 934, 937 (5th Cir. 2003). *See*

*also* § 5D1.3(c) ("The following 'standard' conditions are recommended for supervised release. Several of the conditions are expansions of the conditions required by statute[.]").

"Nothing . . . requires a district court to make two separate explanations – one for the term of imprisonment and one for the term of supervised release." *United States v. Hamilton*, 66 F.4th 1267,1275 (11th Cir. 2023). Moreover, we "have not held that the district court must articulate how each standard condition of supervised release is related to the sentencing factors, and the relevant statute and sentencing guideline impose no such requirement." *United States v. Smith*, 2024 WL 522 0968, at ⋆ 1 (11th Cir. Dec. 26, 2024).

A district court "satisfies its obligation if the record establishes that it has 'considered the parties' arguments and has a reasoned basis for its sentencing decision," *id.*, and we are satisfied that the record here does that. The district court said it had considered the parties' arguments, the Sentencing Guidelines, and the 18 U.S.C. § 3553(a) factors, including the nature of the offenses (which it deemed serious) and Mr. Espinosa Chavez's personal history and characteristics. Indeed, it discussed these matters over a number of pages. *See* Sent. Hearing Transcript at 36-46. We therefore reject the contention that the district court failed to sufficiently explain its imposition of the standard condition set out in § 5D1.3(c)(10).

**AFFIRMED.**