*United States v. Leone*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                             No. 19-1670

ADAM J. LEONE,

> *Defendant-Appellant.*

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | TIMOTHY P. MURPHY, Federal Public Defender's Office for the Western District of New York, Buffalo, NY. |
| FOR APPELLEE: | TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 23, 2019, is **AFFIRMED**, and the cause is **REMANDED** for further proceedings consistent with this Order.

Adam J. Leone appeals from a judgment of conviction for possession of child pornography in violation of 18 U.S.C. § 2252A, entered after a guilty plea. The United States District Court for the Western District of New York (Wolford, *J.*) sentenced Leone primarily to 60 months of incarceration, to be followed by ten years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

On appeal, Leone challenges certain conditions that the district court imposed on his supervised release. We review preserved challenges to conditions of supervised release under "an abuse of discretion standard." *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010). When a defendant fails to object to the condition in the district court, we review "only for plain error." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).[1]

1. The Drug, Sex Offense, and Mental Health Treatment Conditions

Leone first contends that three of the special conditions impermissibly delegate treatment decisions to the U.S. Probation Office ("Probation"). These three conditions require him to participate in various treatment programs. They are: Special Condition #1 (the "Drug Treatment Condition"), Special Condition #3 (the "Sex Offense Treatment Condition"), and Special Condition #9 (the "Mental Health Treatment Condition"). Because the power to impose special conditions is vested exclusively in the district court, *see* 18 U.S.C. § 3583, we have explained that "a district court may not delegate to the Probation

---

[1] Leone objected at his sentencing to the imposition of all but one of the conditions he attacks on appeal. As he acknowledges, he failed to challenge the imposition of Special Condition #4 (the "Pre-Approval Condition").

Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion," *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). A district court may, however, "delegate to a probation officer decisionmaking authority over certain minor details of supervised release—for example, the selection of a therapy provider or treatment schedule." *Id.* (citation omitted).

Here, with respect to each of the three challenged conditions, the sentencing court was careful to delegate to Probation only "the details" of "any testing and treatment" or of "the defendant's participation in the program," "including the selection of a treatment provider and schedule." App'x 150-51. Those limitations were expressed by the district court both orally at sentencing and in the written judgment that the court entered. The court's use of the word "including" cannot reasonably be understood as expanding Probation's decisionmaking authority beyond the administrative details of treatment such that it rendered Leone's "liberty itself contingent on a probation officer's exercise of discretion." *Matta*, 777 F.3d at 122. Indeed, this Court has used the same word in the same context. *See United States v. Petersen*, 248 F.3d 79, 85 (2d Cir. 2001) (holding that a district court may leave to the probation officer's discretion "a variety of details, *including* the selection of a therapy provider and schedule" (emphasis added)). We easily conclude that the district court did not abuse its discretion in imposing these special conditions.

2. The Monitoring Condition

Next, Leone urges that the court's imposition of Special Condition #2 (the "Monitoring Condition") violates his rights under the First, Fifth, and Eighth Amendments to the U.S. Constitution. The Monitoring Condition provides in relevant part:

> The defendant shall not use or possess any computer, data storage device, or any internet capable device unless the defendant participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision. . . . The defendant will be required

3

> to pay the cost of monitoring services unless otherwise ordered
> by the Court.

App'x 150.

Leone first characterizes the Monitoring Condition as amounting to a total ban on his access to the Internet and therefore contravening the Supreme Court's decision in *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), and our own recent decision in *United States v. Eaglin*, 913 F.3d 88 (2d Cir. 2019). This argument misunderstands the plain text and effect of the Monitoring Condition. As its text reflects, this provision merely imposes *conditions* on Leone's Internet use, not an absolute ban: it requires Leone to participate in the monitoring program or to obtain advance permission from Probation or the court for his usage. Indeed, we have previously explained that "internet or computer *monitoring*" is separate and distinct from, and—at least as the condition is generally stated in similar judgments—does not amount to "an internet *ban*." *United States v. Browder*, 866 F.3d 504, 511 n.26 (2d Cir. 2017) (emphases in original).

Thus, this case simply does not implicate *Packingham*, 137 S. Ct. at 1733, 1737—in which the Supreme Court invalidated a statute that subjected registered sex offenders to criminal penalties for accessing certain social media websites—or *Eaglin*, 913 F.3d at 94—in which this Court rejected a special condition of supervised release that altogether prohibited the defendant from accessing the Internet without the specific approval of the court. To the contrary, we have often approved the imposition of conditions that are similar or identical to the Monitoring Condition in circumstances such as those presented here, where a defendant has a history of accessing child pornography over the Internet. *See Browder*, 866 F.3d at 509-12; *see also United States v. Savastio*, 777 F. App'x 4, 6-7 (2d Cir. 2019). We see no reason to depart from our precedent.

The argument that the Monitoring Condition is unduly vague because, for example, "[m]icrowaves and modern refrigerators" could, but do not necessarily, fall within its scope, Appellant's Br. 20, is one that we "quickly dispose of," for the reasons that we have rejected similar arguments along those lines elsewhere. *United States v. Balon*, 384 F.3d 38, 43 (2d Cir. 2004) (rejecting contention that "the term computer, as it is commonly understood, includes

4

everything from an automated teller machine, to an airport self-service check-in kiosk" (internal quotation marks omitted)). Moreover, as we have said, a vagueness challenge is unripe where "[t]he district court retains the discretion to remedy a potential ambiguity in the language of a special condition." *United States v. Burdick*, 789 F. App'x 886, 888-89 (2d Cir. 2019).

Finally, Leone takes the position that the Monitoring Condition's "requirement" that he pay the full cost of monitoring services is arbitrary and punitive, and prohibited by the Eighth Amendment's Excessive Fines Clause. Appellant's Br. 21-24. As an initial matter, we do not read the condition as imposing an absolute requirement that Leone pay a fee; rather, we understand the condition to establish a presumption that he will pay for monitoring services he chooses to use unless he cannot afford to do so, in which case the condition empowers him to seek an exemption from the district court. Nor is reimbursement for services rendered properly labeled a "fine." *E.g.*, *United States v. Bajakajian*, 524 U.S. 321, 327-28 (1998) (explaining that a payment to the government is a "fine" if it is "punishment for some offense").

Moreover, a proper reading of the Monitoring Condition highlights why Leone's challenge to the possible charge is unripe: "it presents issues that might never arise." *United States v. Johnson*, 446 F.3d 272, 279 (2d Cir. 2006). At present, we do not know what the cost of participating in the monitoring program will be when Leone is released, whether Probation will hold Leone responsible for paying those costs, whether Leone will have the financial means to pay, and whether the district court will require him to pay if he says that he cannot. If it proves to be the case that the district court requires an indigent Leone to pay to participate in monitoring services, he may mount a challenge at that time. *See Balon*, 384 F.3d at 47. At this time, however, as the condition is currently framed and in the circumstances now presented, we identify no abuse of discretion in the district court's imposition of the Monitoring Condition.

3. The Polygraph Condition

Leone then asks us to vacate the imposition of Special Condition #8 (the "Polygraph Condition"), which requires him to submit to two polygraph or similar tests each year. His challenge rests on the plaint that the district court did not address his objection that such testing procedures are unreliable. This argument is foreclosed by our body of precedent affirming the imposition of similar or identical conditions on the ground that "the incremental tendency of polygraph testing to promote such candor [*i.e.*, truthful statements to the defendant's probation officer] furthers the objectives of sentencing by allowing for more careful scrutiny of offenders on supervised release." *Johnson*, 446 F.3d at 277. We have upheld such testing "notwithstanding [polygraph testing's] arguable or occasional unreliability because of the subject's fear that it might work, or be credited by others whether it works or not." *Id.* In fact, we have frequently articulated our willingness to adopt new or potentially uncertain testing methods where the purpose of the testing is not to *assess* truthfulness, but rather the ancillary purpose of *encouraging* it. *Id.*; *see also United States v. Boles*, 914 F.3d 95, 112 (2d Cir. 2019) (polygraph testing); *United States v. Parisi*, 821 F.3d 343, 349 (2d Cir. 2016) (polygraph/computer voice stress analyzer ("CVSA") testing); *United States v. Maggese*, 785 F. App'x 879, 881-82 (2d Cir. 2019) (CVSA).

We conclude that the district court acted well within in its discretion in imposing this condition.

4. The Pre-Approval Condition

For the first time on appeal, Leone takes issue with Special Condition #4 (the "Pre-Approval Condition"). Although we could treat this challenge as waived, *see, e.g.*, *United States v. Kelly*, 147 F.3d 172, 177 (2d Cir. 1998), we address it, applying plain error review.

The Pre-Approval Condition provides:

> The defendant shall not have deliberate contact with any child under 18 years of age, excluding his biological or adopted children, unless approved by the probation officer or by the Court. The defendant shall not loiter within 100 feet of school yards, playgrounds, arcades or other places primarily used by

6

> children under the age of 18. The Probation Office has the discretion to authorize the defendant to pick up his children from school or other functions; however, authorization must be obtained in advance from the Probation Office, or alternatively from the Court.

App'x 150. As the government conceded at oral argument, and as we agree based on its text, the condition does not preclude Leone from entering locations such as shopping malls, where he may encounter, but that are not "primarily used" by, children, provided that he does not enter such locations for the deliberate purpose of having contact with children.

In Leone's view, the district court did not adequately explain why the Pre-Approval Condition was reasonably necessary in his case to promote the relevant 18 U.S.C. § 3553(a) factors, as we have explained it "must" unless those reasons are "obvious from the record." *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019). The district court explained that Leone's extensive child pornography collection, history of online communication with minors, and admission that he "receiv[ed] sexual gratification from [handling his minor sister's] underwear" and "spying on" his minor sister, and that he sought underwear from his sister's friends, all forced it to conclude that he "present[ed] a danger to the community and in particular to minors." App'x 124-25. We see no plain error—or even an abuse of discretion—in the imposition of this condition or in the adequacy of the district court's explanation.

5. The Risk Notification Condition

We turn finally to Standard Condition #12 (the "Risk Notification Condition"), which Leone says is invalid because the district court failed to orally pronounce it during sentencing. The Risk Notification Condition allows the probation officer to require Leone to notify persons or entities of a risk of his committing further crimes if the court determines, in consultation with the probation officer, that Leone presents such a risk based on his criminal record, personal history and characteristics, and the nature and circumstances of his offense.

A district court is not required to make "explicit reference to each and every standard condition of supervision." *United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999). To the

contrary, "at oral sentencing, even the most general allusion to the 'standard conditions' of supervised release is a sufficient basis on which to predicate the imposition of each of the conditions normally regarded as standard." *Id.* The district court's discussion of which iteration of the Risk Notification Condition it was imposing (the version amended by standing order of the Western District of New York), *see* App'x 135-36, easily clears that low bar. So too does the court's command that Leone comply with "the standard conditions adopted by this court." App'x 137. *See generally United States v. Smith*, 982 F.2d 757, 759, 764 (2d Cir. 1992) (explaining that a court's reference to "the standard conditions that have been adopted by this court" suffices to impose those conditions).

Leone makes a new argument on appeal: He maintains that the Risk Notification Condition is (or at least should be) a special condition, not a standard condition, of supervised release, and that its imposition was not warranted in his own case.[2] Of course, the Risk Notification Condition is *not* a special condition. *See* U.S. Sentencing Guidelines § 5D1.3(c)(12). But, even if it were, we think the record more than supports its imposition. The district court determined, including for the reasons stated above, that Leone presented a significant risk to the public. It rightly recognized its duty "to protect children and not allow them to be abused or victimized." App'x 126. The court did not abuse its discretion or otherwise err in determining that evidence of Leone's positive characteristics was outweighed by the "danger [he presented] to the community and in particular to minors," App'x 125, and therefore some warning of that danger might be warranted in some (but not all) circumstances.

In addition, Leone (like others with pending appeals), submits that the Risk Notification Condition impermissibly delegates judicial authority to Probation and is impermissibly vague. We cannot resolve these issues at this time, however, because another panel of our Court is considering parallel challenges in a pending appeal that has priority over this case. *United States v. Traficante*, No. 18-1962 (argued Oct. 25, 2019). That panel's

---

[2] As we explained, we often decline to review issues raised for the first time on appeal, *Kelly*, 147 F.3d at 177, or in reply briefs, *see, e.g., JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). In the interest of finality, however, we briefly explain why Leone's argument has no merit.

decision will likely be controlling as to Leone's challenges. In the interest of expediency, we therefore remand Leone's cause to the district court to enable it to give timely consideration to our forthcoming decision in *Traficante* and, if necessary, to modify the relevant provision of Leone's sentence accordingly. We further grant the parties leave to reinstate this appeal by letter to the Clerk of this Court, to permit timely review of the district court's decision on remand as to the Risk Notification Condition.

* * *

We have considered Leone's remaining arguments and conclude that they are without merit. For the reasons set forth above, the district court's judgment is **AFFIRMED**, and the cause is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court
