15-1090-cr
United States v. Fiume

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of March, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                      *Circuit Judges*.
             JANET C. HALL,[1]
                      *Chief District Judge*.

_____

UNITED STATES OF AMERICA,

                          *Appellee*,

             v.                                              15-1090-cr

JASON FIUME,

                          *Defendant-Appellant*.

_____

Appearing for Appellant:     Allegra Glashausser, Federal Defenders of New York, New York, NY.

Appearing for Appellee:      David K. Kessler, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

[1] The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Chen, *J.*).

   **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

   Jason Fiume appeals from the April 6, 2015 judgment entered in the United States District Court for the Eastern District of New York (Chen, *J.*). The district court sentenced Fiume principally to 10 months' imprisonment, to run consecutively to Fiume's state sentence, and one year of supervised release. The district court also imposed two special conditions of supervision that are relevant to this appeal: (1) a condition requiring Fiume to "be monitored by Global Positioning System (GPS) monitoring for a duration of time to be determined by the Court" (the "GPS monitoring" condition) and (2) a condition restricting Fiume to his residence at all times while on GPS monitoring except for "employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer" (the "home detention" condition). App'x at 80. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

   On appeal, Fiume argues that the 10-month consecutive sentence was procedurally and substantively unreasonable, that the district court erred in imposing the home detention condition in the written judgment without pronouncing it at the oral sentencing, and that the GPS monitoring condition is substantively unreasonable.

## I. Procedural and Substantive Reasonableness

   Fiume first challenges the procedural and substantive reasonableness of his sentence. "We review a sentence for procedural and substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

   "A sentence is *procedurally* unreasonable if the district court 'fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence.'" *Id.* (quoting *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013)).

   A sentence is *substantively* unreasonable if the sentence "'shock[s] the conscience,' constitutes a 'manifest injustice,' or is otherwise substantively unreasonable." *Id.* at 255 (alteration in original) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "Our review for substantive unreasonableness is 'particularly deferential,'" *id.* (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)), and "[w]e will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *id.* (internal quotation marks omitted).

Fiume's sentence was procedurally and substantively reasonable. While it is true that a district court, in sentencing a defendant for a violation of supervised release, "should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator," U.S. Sentencing Guidelines Manual ("U.S.S.G.") ch. 7, pt. A, introductory cmt. 3(b), the sentencing transcript does not suggest that the district court abused its discretion in this regard. At sentencing, the district court stated that the federal system was a "separate system that [Fiume] [was] not obeying," that Fiume's violation of supervised release was a "separate crime[]," and that there "must be some separate punishment for that because [Fiume] need[ed] to understand that this cannot continue." App'x at 69. The court also stated that Fiume's conduct was part of "a repeat pattern" of "not following the rules that he's supposed to follow." App'x at 67. In view of these remarks, we are confident that the district court understood that it was sanctioning Fiume primarily for his breach of trust, even if the court also discussed, to some extent, the seriousness of the underlying violation and Fiume's criminal history.

We also disagree with Fiume that his sentence, which was firmly within the guidelines range, was substantively unreasonable. Given Fiume's "repeat pattern" of not following the rules, App'x at 67, it cannot be said that the 10-month sentence fell outside the range of permissible decisions.

## II. Home Detention

Fiume next argues that the district court erred in imposing the home detention condition in the written judgment because the court did not impose the condition at the oral sentencing.

It is settled that "in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls, and any burdensome punishments or restrictions added in the written judgment must be removed." *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004) (citations omitted). This rule implements the constitutional requirement, embodied in Federal Rule of Criminal Procedure 43(a)(3), that "the defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3); *see also United States v. Jacques*, 321 F.3d 255, 262 (2d Cir. 2003). "It is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is mere evidence of such authority." *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974) (internal quotation marks omitted). These rules also apply, with certain exceptions not relevant here, to a variation between the oral sentence and the written judgment with respect to the conditions of supervised release. *See Rosario*, 386 F.3d at 169; *Jacques*, 321 F.3d at 263-64.

The district court did not impose the home detention condition at Fiume's oral sentencing. The court stated that it was going to impose "GPS tracking" so that Fiume would "not go[] where the victim is," App'x at 72, but never mentioned a separate and additionally burdensome condition of home detention. The fact that the parties were aware that the probation department recommended the home detention condition in the violation of supervised release report is irrelevant; the question is whether the district court imposed the home detention condition at the oral sentencing. It did not. Nor did the district court "implicitly" impose the home detention condition by referencing the GPS monitoring condition. Home detention is a

3

distinct condition that is significantly more onerous than GPS monitoring. Indeed, the Sentencing Guidelines provide: "Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment." U.S.S.G. § 5F1.2. Fiume was entitled to be present when it was imposed. Accordingly, we vacate the sentence insofar as it imposed home detention as a condition of supervised release and remand for deletion of this provision from the written judgment. *See Rosario*, 386 F.3d at 172 (remanding for deletion of condition of supervised release that was not pronounced at sentencing); *United States v. Thomas*, 299 F.3d 150, 156 (2d Cir. 2002) (same); *cf. United States v. Handakas*, 329 F.3d 115, 118-19 (2d Cir. 2004) (remanding for reimposition appropriate where provision of written judgment that differed from second oral sentence had previously been imposed at the original sentencing).

## III.  GPS Monitoring

Finally, Fiume argues that the GPS monitoring condition is substantively unreasonable. But, as the district court recognized, Fiume exhibited "a repeat pattern . . . [of] fixating on his wife." App'x at 67. This pattern included traveling to Maine to leave a message for his wife on a tree in the yard. Under these circumstances, the imposition of a GPS monitoring requirement was not unreasonable.

*       *       *

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED IN PART, VACATED IN PART, AND REMANDED for deletion of the home detention condition from the written judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk