*United States v. Whitaker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                          21-1543

ASHLEY K. WHITAKER,

     *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | CARINA H. SCHOENBERGER, Assistant United States Attorney (Lisa M. Fletcher *on the brief*), *on behalf of* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | MELISSA A. TUOHEY, Assistant Federal Public Defender, Syracuse, NY. |

Appeal from a June 22, 2021, sentencing and judgment for revocation of supervised release of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **REMANDED** in part for resentencing.

Defendant-Appellant Ashley Whitaker appeals from a June 22, 2021, sentencing and judgment for revocation of supervised release of the United States District Court for the Northern District of New York. Whitaker argues that the district court failed to justify its reimposition of conditions against the viewing of adult pornography and limiting internet use; impermissibly delegated its sentencing authority to the Probation Office; erred in finding a violation of the adult pornography condition without a sufficient factual basis; and erred by failing to orally pronounce all the special conditions of his release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Internet Use and Adult Pornography Conditions

First, Whitaker argues that Special Condition 7, which restricts his internet use, was procedurally unreasonable and improperly delegated sentencing authority to the Probation Office. He argues that Special Condition 8, which restricts his possession of adult pornography, was also procedurally unreasonable and that, in any event, the district court lacked a sufficient factual basis for accepting Whitaker's guilty plea to violating it.

### A.  Factual Basis for the Plea

As to the condition banning Whitaker's possession of adult pornography, we perceive no plain error in the district court's acceptance of Whitaker's plea. Where a defendant does not object to conditions of supervised release before the district court, we review only for plain error.

2

*United States v. Villafuerte,* 502 F.3d 204, 207 (2d Cir. 2007).    Under plain error review, a defendant must show (1) an error, (2) that is plain, and (3) that affects substantial rights.    If these conditions are met, we may exercise our discretion to notice the forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.    *See Jones v. United States,* 527 U.S. 373, 389 (1999).

Whitaker argues that the sentencing transcript contains an insufficient factual basis for accepting his plea to the possession of adult pornography because Whitaker interrupted the district court mid-allocution, without it making a finding as to the statutory definition of the material:

> THE COURT: Violation No. 4, the UMX cell phone, do you agree that the device was, upon review, it had been used for access and to view sexually explicit adult websites; you were viewing those?
>
> THE DEFENDANT: Your Honor, the phone that I received was used. That's what the government mails out.
>
> THE COURT: Were you using them to --
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: -- to see explicit -- you knew that was in violation of the terms and conditions of your supervised release; did you not?
>
> THE DEFENDANT: Yes.

A134–35.    Whether or not this arguable ambiguity violates 18 U.S.C. § 3583(e)(3), we at very least cannot agree that it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."    *Jones*, 527 U.S. at 389.    Accordingly, under plain error review, we see no basis to disturb the district court's determination.

## B.  Procedural Reasonableness

### 1.     Internet Use Condition

As to the procedural reasonableness of the internet use condition, a sentencing court must "make an individualized assessment when determining whether to impose a special condition of supervised release, and . . . state on the record the reason for imposing it."   *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).   "[A]ny condition that affects a significant liberty interest . . . must be imposed by the district court and supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing."   *United States v. Matta*, 777 F.3d 116, 123 (2d Cir. 2015).   A district court need not do so, however, when its reasons are "self-evident" in the record.   *Betts*, 886 F.3d at 202.

Here, the district court said only that all the special conditions were justified by "your history and characteristics, as well as the nature and circumstances of the instant offense."   A148. Even applying relaxed plain error, we perceive no procedural error as to the monitoring itself.[1] As we recently held in *United States v. Kunz*, 68 F.4th 748, 760 (2d Cir. 2023), the rationale for the monitoring itself is self-evident, "not just from the details of [Whitaker's] original child pornography conviction, but also from his prolific record of supervised release violations since then."   The district court did not need to repeat those justifications again, during Whitaker's third violation-of-supervised-release sentencing.   And although Special Condition 7 had not been imposed upon Whitaker in his prior violation-of-supervised-release sentencings, we interpret it to provide the Probation Office no additional authority that it did not already have pursuant to its

---

[1]  We apply relaxed plain error where the "error relates only to sentencing and [where the defendant] lacked prior notice."   *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002).   Whitaker lacked such notice here because the record provides no indication that Whitaker had ever been made aware of the proposed term before or during the sentencing, and the district court did not orally pronounce it.

4

ability to execute the terms of the Computer and Internet Monitoring Program ("CIMP"). It merely elaborates upon conditions "in accordance with" Special Condition 6, which Whitaker does not challenge.

As to the part of the special condition that permits the Probation Office to limit Whitaker to "one personal internet capable device," we remand in light of *Kunz*, which held that such a burden must be "justified by particularized on-the-record findings" because of its effect on a significant liberty interest. *Id.* at 767 (citing *Matta*, 777 F.3d at 123). Because no particularized justification was given, and no justification is "self-evident" in the record, the district court should explain its reasoning on remand if it chooses to re-impose such a condition.

### 2. Adult Pornography Condition

Because we remand to the district court to reconsider Special Condition 8 for the reasons explained below, we have no occasion to discuss whether there was procedural error in its imposition. We caution, however, that on the current record the condition likely could not be justified in accordance with our decision in *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019). The district court has never provided a justification of any kind for imposing (or re-imposing) a total ban on the possession of legal pornography during any of Whitaker's sentencings, A91, GA22, A148; and the government's only argument for doing so (during Whitaker's first revocation hearing) was its allegation that Whitaker searched in 2018 for the term "Teen Thumbzilla" on his television and possessed DVDs with the titles "Insatiable Teens 2" and "Young Anal Lovers." A85 (spaces added to quoted terms). The government argued that, for Whitaker, it would be a "slippery slope into, again, getting into child pornography," but acknowledged that no treatment provider ever recommended an adult pornography prohibition. A85. The district court did not "connect the need for [the] condition to [Whitaker's] likelihood of recidivism," support its ban "by

5

detailed factual findings," rely on "an evaluation . . . by a mental health provider," or describe how "viewing or listening to adult pornography in any way led [Whitaker] to commit" his crime. *Eaglin*, 913 F.3d at 99–101. Nor did the district court acknowledge that, as is true for Whitaker, "the record of any sexual involvement by him with children in the past fifteen years is blank." *Id.* at 100. Because we "tolerate such conditions only in limited circumstances," *id.* at 99, we are skeptical that the titles of legal pornography alone can justify the total ban that the district court imposed, let alone make the justification "self-evident" in the record. On remand, we leave it to the experienced and able district judge to more fully explain the justification for any such special condition, if one is re-imposed.

## C. Delegation to the Probation Office

Whitaker next challenges Special Condition 7 as an impermissible delegation of the district court's sentencing authority to the Probation Office. "The power to impose special conditions of supervised release, including participation in a substance abuse program, is vested exclusively in the district court." *Matta*, 777 F.3d at 122. Although a district court "may delegate to a probation officer decisionmaking authority over certain minor details of supervised release—for example, the selection of a therapy provider or treatment schedule," it may not delegate "decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *Id.* (citing *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001)).

The authority that Special Condition 7 delegates to the Probation Office—limitations on "daily internet use and/or the ban of certain websites, applications, chat rooms, or other internet activities," A155—are almost certainly such "minor details" of Whitaker's sentence. Although it is conceivable that Probation *could* manage Whitaker's supervision in a way that affects a

6

"significant liberty interest" and therefore exceeds its delegated authority, we need not construe the condition on its face as permitting it to do so where a narrower interpretation is possible. *Kunz*, 68 F.4th at 766 ("[I]n the context of the broader monitoring regime ordered by the court . . . [such] decisions are properly understood as matters of detail."). Again applying relaxed plain error review, we perceive no error in the district court's delegation to the Probation Office.

## II.    Oral Imposition of Conditions

Finally, Whitaker argues that the district court erred by failing orally to pronounce the eight special conditions of supervised release detailed in the written judgment. As to Special Conditions 1, 2, 5, and 8, we agree.

Whitaker argues that the imposition of additional conditions violated his right to be present at sentencing. "Because this challenge to the sentence raises a legal question, we review it *de novo*."[2] *United States v. Jacques*, 321 F.3d 255, 262 (2d Cir. 2003). Rule 43(a) requires that "[t]he defendant . . . be present at . . . the imposition of sentence . . . ." *United States v. Thomas*, 299 F.3d 150, 152 (2d Cir. 2002) (quoting Fed. R. Crim. P. 43(a)(3)). "In light of this rule, we have held that '[i]t is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence,' and 'the written judgment . . . [is] nothing more than mere evidence of the sentence imposed orally in court by the judge.'" *Thomas*, 299 F.3d at 152 (quoting *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974)) (alterations in original). Accordingly, we have generally required a district court to orally impose sentence, including

---

[2] Once more, plain error does not apply here because the district court did nothing to put Whitaker on notice of *any* of the conditions, whether or not they might require oral imposition. We note that "relaxed" plain error review will often apply where a district court fails to orally pronounce a special condition of supervision because a defendant may not be well-positioned to object to an unvoiced error. *See United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018) (noting that "in principle" plain error should apply, but in practice it generally will not).

conditions of supervised release, except where such "standard conditions" amount to "basic administrative requirements" or are "generally recommended" special conditions "presumed suitable" by the United States Sentencing Commission. *United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999); *United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002). Such "routinely-imposed" conditions that provide "essential details for . . . compliance" need not be orally imposed because, we have explained, they are "[i]mplicit in the very nature of supervised release." *Thomas*, 299 F.3d at 153–54 (internal citation and quotation marks omitted) (alteration in original).

We have declined, however, to extend such treatment to "conditions of supervision that are neither mandatory under, nor specifically recommended by, the Guidelines and that are not a basic requirement for the administration of supervised release." *Thomas*, 299 F.3d at 155. Such terms "place additional burdens on the defendant that are neither necessary to nor a foreseeable result of the imposition of supervised release." *Id.* We have directed district courts to "take the time to state the defendant's sentence and to indicate the conditions that accompany it in open court and with appropriate precision," but have also suggested that a district court may be able to satisfy its obligation by "indicat[ing] that it would incorporate the conditions listed in the [Presentence Report ("PSR")]." *Id.* at 152, 156.

Here, the district court imposed a total of eight special conditions of supervision in a written judgment filed four days after sentencing.[3] A155. Of these, several do not require oral imposition. Special Condition 3 imposed no additional burden upon Whitaker because he was already required to register as a sex offender in New York. *See Jacques*, 321 F.3d at 265

---

[3] All but one—Special Condition 7—had been identically imposed during Whitaker's previous period of supervised release. *Compare* A155 *with* A120.

8

(condition duplicating restriction to which defendant was already subject). Special Conditions 4, 6, and 7 are routine treatment and monitoring conditions for sex offenses, and as such do not require oral pronouncement. *See Asuncion-Pimental,* 290 F.3d at 95 (treating certain "special" conditions as effectively "standard"); *see also* U.S.S.G. 5D1.3 (recommending special conditions for sex offenses).

The others, however, are not "mandatory," "standard," or "special" conditions as described in Sentencing Commission policy statements. Special Condition 1 imposes a no-contact order of the kind we have previously held requires oral pronouncement. *See United States v. Rosario*, 386 F.3d 166, 172 (2d Cir. 2004). Special Condition 2 imposes a burdensome geographic restraint on the places Whitaker may go, and so must be orally imposed. *Cf. United States v. Fiume*, 643 F. App'x 25, 28 (2d Cir. 2016) (summary order) (home detention condition). Special Condition 5, imposing a polygraph testing requirement, must also be orally imposed. *See Washington*, 904 F.3d at 208. And Special Condition 8 must be orally imposed because it imposes a burden—on legal adult pornography—that incorporates non-criminal behavior. *Thomas*, 299 F.3d at 155 ("To the extent that [prohibiting the possession of someone else's identification] encompasses . . . non-criminal behavior, it does not overlap with any of the mandatory or standard conditions of release" and therefore "is not a basic requirement for the administration of Thomas's release.") Accordingly, we remand to the district court with instructions to vacate each condition so that each may be imposed in Whitaker's presence and he is afforded the opportunity to object.

To be clear, we have never articulated a rule that requires district courts to recite at sentencing the complete terms of conditions of supervised release. We have said, to the contrary, that it need not do so where the terms are "mandatory or standard conditions of release," necessary to clarify those terms, or are "generally recommended" consistent with a policy statement relevant

to a particular case. *Thomas*, 299 F.3d at 155; *Asuncion-Pimental*, 290 F.3d at 94. And even where additional burdensome special terms must otherwise be orally pronounced, a district court may still orally reference those terms in summary fashion during sentencing, so long as it is clear to what the court is referring. It may, for example, refer to special terms already proposed in the PSR or those which are otherwise known to the parties and have been entered elsewhere in the record, so long as the district court makes clear during sentencing it intends to incorporate the terms. *See Thomas*, 299 F.3d at 152 (noting that the district court "did not set forth any conditions of the supervision during the sentencing hearing, nor did it indicate that it would incorporate the conditions listed in the PSR"); *but see Washington*, 904 F.3d at 208 (finding error where defendant knew a condition proposed by the PSR might be imposed, but "could not have known before issuance of the written judgment that the District Court would include" it). But a district court violates Rule 43(a) where it makes only a bare indication that it will later impose some special but unspecified terms. That is what happened here. *See* A148 ("[Y]ou shall comply with special conditions related to your history and characteristics, as well as the nature and circumstances of the instant offense. We have a total of eight special conditions, which will be part of the judgment, and you can review that with your lawyer."). The district court imposed conditions in a later written judgment that constitute "additional burdens" on Whitaker. But at Whitaker's sentencing, the district court only gestured vaguely that it would later impose unspecified special conditions. Doing so violated Whitaker's right to be present at sentencing.

That Whitaker had previously been subject to seven of the eight special conditions does not relieve the district court of its error. To the contrary, in *United States v. Handakas*, we found a Rule 43 error even where, in a resentencing upon remand, the defendant knew "that [an] employment condition had previously been imposed, [and] could have fairly apprehended that it

10

was likely to be reimposed." 329 F.3d 115, 118 (2d Cir. 2003). Still, we remanded for the defendant to have the opportunity to contest the special condition even while acknowledging that the error was "very likely harmless." *Id.* at 118–19. So too here: in accordance with *Handakas*, we remand to the district court for the limited purpose of orally pronouncing the relevant conditions and affording Whitaker an opportunity to object.

*     *     *

We have considered Defendant-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part the judgment of the district court and **REMAND** with instructions to resentence consistent this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk